Opinion of the Court.
THIS writ of error is brought to reverse a judgment recovered by Morgan, in an action of ejectment brought in the circuit court against Williams.
On the trial in that court it was proved, that the legal title of the land sought to be recovered by Morgan, was vested in a certain William Jones, and that after his decease the commissioners appointed by the county court for that purpose, assigned the land to Euphania Jones, the widow of the deceased William, as her dower in his lands. That the said Euphania thereafter intermarried with Williams, against the estate of whom an execution subsequently issued, and in virtue thereof, the land was sold by the sheriff to Morgan, and a deed executed by the sheriff, purporting to convey to Morgan, the land during the joint lives of Williams and his wife, Euphania. The order of the county court appointing the commissioners, together with their report to court, assigning the dower to the widow, and *168 the sheriff’s deed to Morgan, were all read in evidence, and after the evidence was gone through, the counsel of Williams moved the court to instruct the jury, that the order of the county court appointing commissioners, and their report thereunder were illegal, and insufficient to show such an investiture of title in the husband of the widow, to whom the dower was assigned, as could be sold under execution against his estate ; but the instructions were refused by the court, and the evidence spread upon the record by bill of exceptions.
By an assignment of dower, legally made, under an order of the county court, a widow becomes invested with a right of entry in the lands so assigned.
After marriage, this right devolves exclusively on the husband, and he may dispose of it during their joint lives; or the right to it for their joint lives may be sold by execution for his debts.
The minutes of the county court need not show on whose application commissioners for the assignment of dower were appointed ; their appointment is prima facie evidence of a lawful application.
1. Assuming the right of dower to have been regularly assigned, we should have no hesitation in maintaining, that upon the marriage of Williams with the widow, he became invested with such a title as might be sold under an execution against his estate. Upon the assignment of the dower, the widow became invested with a legal right of entry in the land, and after marriage, the exercise of that right during her coverture, devolved exclusively on the husband. The husband might dispose of the land during his life and that of his wife, or in case any other person should tortiously enter upon and take possession of the land, the husband might rightfully enter, or for the purpose of recovering in an ejectment, he might lay the demise in a declaration in his own name, without joining his wife.
The husband must, therefore, be admitted to have a legal right to lands, of which his wife may have been endowed, and under the statute of this country, all legal rights to lands, are made subject to sale under execution.
2. But it was contended in argument, that neither the order appointing commissioners to assign the widow her dower, nor the assignment made by the commissioners, are regular. It was objected to the order of appointment, that it does not appear to have been made on the application of the widow, or any other person whose duty it was to make the application; and hence it was urged, that the order is altogether inoperative. It is true, it does not appear at whose application, or whether on the application of any person whatever, the order appointing the commissioners was made ; but, we apprehend, it does not thence follow that the order is void. The county court is cloth *169 ed with competent power to appoint commissioners, whenever applied to by any person whose duty it may be to make the application, and after the court has acted in making the appointment, the order of appointment should, prima facie, at least, be presumed to have been correctly made.
All the evidence necessary, of such commissioners’ having been sworn as the law requires, is a statement in their report, that they were duly sworn before they proceeded in the execution of the duty assigned them.
3. The assignment of dower made by the commissioners, is objected to on the ground of the oath taken by them not having been certified to have been administered by a person authorised to administer it.
In answer to this objection it is sufficient to remark, that the commissioners in their report, represent that they were duly sworn, before they, proceeded in the execution of the duty assigned them, and if they were duly sworn, the oath must not only have been administered by a person legally authorised, but the oath must also have been as the law requires ; and the report of the commissioners, if good for any purpose, certainly must be sufficient evidence to prove that the commissioners were sworn.
The judgment must be affirmed with cost.