## OTIS ROBINSON *vs.* REUBEN WHITCHER and WIFE.

CALEDONIA,
*March*,
1829.

Where an appeal or review is taken from a judgement exceeding seven dollars, in an action of slander, the case is not within the proviso of the 97th section of the judiciary act ; and if the plaintiff finally recover no greater sum than seven dollass, he is restricted by the enacting clause to no more costs than damages.

This was an action for slanderous words spoken by the wife. On the issue joined between the parties, the jury returned a verdict for the plaintiff for the sum of $84 damages. The defendant reviewed the cause, and at the next term the plaintiff recovered one cent damages only. The plaintiff claimed full costs, but the court decided he was entitled to no more costs than damages, and rendered judgement for the plaintiff for one cent damages and one cent cost. The plaintiff reserved the case for the opinion of the Supreme Court.

The case was argued by *W. Mattocks* for the plaintiff, and by *J. Mattocks* for the defendant.

The opinion of the court was delivered by

PRENTISS, J.—The act of 1821 does not in terms repeal the 97th section of the judiciary act, nor does it contain any provisions

CALEDONIA,
*March,*
1829.

Robinson
*vs.*
Whitcher et ux.

at all inconsistent with that section. To give it the effect imputed to it by the counsel for the plaintiff, we must necessarily hold that it repeals the clause in the judiciary act, which provides, that when any person recovering in any action shall appeal, or review, and on such appeal or review shall recover no larger sum in debt or damages than on the former trial, he shall recover no additional costs ; and also the provisions, which prohibit the allowance of costs in actions upon receipts for property taken on execution, and in suits unnecessarily brought on judgments, when execution might have been had without suit. These, and various other provisions respecting costs, which might be mentioned, are not at all inconsistent with, or affected by, the act of 1821, which is a mere revision of the fee-bill of 1798, and was designed to substitute, in lieu of that, a new regulation as to the taxation of costs in general, but not to repeal any former laws, containing special provisions with respect to the allowance of costs in particular cases, and not expressly altered or necessarily superseded by it.

Whether or not the plaintiff is entitled to full costs in the case before us, must depend, then, upon the true construction of the 97th section of the judiciary act, connected with the proviso attached to it. That section provides, that in all actions for slanderous words, and in the several other actions therein specified, if the damages found or assessed by the jury do not surmount the sum of seven dollars, the court shall allow no greater costs than damages. By this section, taken without the proviso annexed to it, it is obvious, that the plaintiff in this case, as he finally recovered a sum in damages not exceeding seven dollars, would be entitled to no more costs than damages. But it is contended on the part of the plaintiff, that when the defendant appeals or reviews, the case, by the proviso, is taken out of the operation of the enacting clause, and the plaintiff, if he finally recovers, is entitled to full costs, whatever may be the amount of the recovery. The words of the proviso are, " If the defendant appeal from *such judgment,* or review the cause, and final judgment shall be rendered for the appellee or reviewee, he shall recover full costs." The words, *such judgment,* refer to the recovery mentioned in the enacting clause, and must be taken to mean a judgment where the damages found or assessed by the jury do not surmount the sum of seven dollars. When the defendant appeals or reviews from such a judgment, the proviso gives the plaintiff, if he finally recovers, full costs. It is true, that the words, *such judgment,* in the proviso, are contained only in the clause which speaks of an appeal, and are not used in the clause which speaks of a review. But it would be manifestly inconsistent to give the proviso one construction in

case of an appeal, and a different one in case of a review. The effect of each is to vacate the judgment, and give the party another trial upon the merits ; and the only difference is, that the one removes the cause to a higher court, and the other gives a new trial in the same court. The circumstance that the appeal is now taken away, except upon a matter of law, can have no influence or effect upon the question. The true reading of the proviso is, that if the defendant appeals from a judgment, or reviews the cause, when the damages found or assessed by the jury do not exceed seven dollars, the plaintiff shall have full costs, although he finally recovers less than that sum. It follows from this, that when the appeal or review is taken from a judgment exceeding seven dollars, the case is not within the proviso, and if the plaintiff finally recovers no greater sum that seven dollars, he is restricted by the enacting clause to no more costs than damages.

Judgment affirmed.

*W. Mattocks*, for the plaintiff.
*J. Mattocks*, for the defendant.