### Yates v. Paddock.

The provisions of the revised statutes, substituting the *action of ejectment to recover dower* in lieu of the *writ of dower,* affect only the *forms* or *mode of proceeding* in prosecuting the suit, and do not alter or modify the *right* or *interest* of the widow in the land ; she has a *mere right of action,* and is not a *tenant in common,* and consequently is not bound to prove an *actual ouster,* or other act amounting to a denial of her right.

The alienation of the land during the lifetime of the husband, and its value at the time of such alienation, *it seems,* cannot be given in evidence on the trial of the action of ejectment to recover dower, but must be shewn to the commissioners appointed to make admeasurement.

The costs of such action of ejectment may be avoided by the tenant assigning dower during the quarantine of the widow ; but if such assignment be not made and the action be brought, although before admeasurement of dower, the plaintiff will recover costs, notwithstanding that before suit brought the tenant make an offer to the widow to take her dower.

THIS was an action of *ejectment for dower,* tried at the Onondaga circuit in March, 1831, before the Hon. DANIEL MOSE-LEY, one of the circuit judges.

The plaintiff, as the widow of P. W. Yates, claimed dower in 158 acres of land, part of 200 acres aliened by her husband in his lifetime, after his marriage with the plaintiff, to one

*Skeel,* for the consideration of $700. The deed to Skeel was executed in 1807 ; the husband of the plaintiff died in 1826, and this suit was commenced in May, 1830. The plaintiff having rested, the defendant moved that she be *nonsuited,* insisting that by the enactments of the *revised statutes* in relation to dower and the remedy for the recovery thereof, a widow is to be considered as a *tenant in common* with the heir or alienee, and that the plaintiff not having shewn an *actual ouster,* or any act on the part of the defendant amounting to a total *denial of her right* as a co-tenant, was not entitled to recover. The judge denied the motion, reserving the question for the decision of this court. The defendant then, with the assent of the plaintiff's counsel, proved that in 1826 an agent of the plaintiff called on the defendant in respect to her dower, and proposed that the defendant should pay her a gross sum in lieu of dower, specifying $250 as the sum to be paid ; the defendant refused to pay that sum, but offered the agent that the plaintiff might *take her dower in the land,* or that he would pay her annually the interest of the one third of the purchase money, for which her husband sold to Skeel. The agent declined to take the land, and told the defendant that he would have to pay costs, that a suit could be brought. The defendant did not offer to have the plaintiff's dower *admeasured.* The judge charged the jury to find a verdict for the *plaintiff,* subject to the opinion of this court on a case to be made containing the above facts ; and the jury, instead of doing so, found a verdict for the *defendant.* A case was then made, and the parties entered into a written *stipulation,* that if this court should be of opinion that the plaintiff ought to have been nonsuited, judgment of nonsuit should be entered ; if the verdict for the defendant was correctly found, judgment for the defendant should be entered as upon a special verdict ; but if the plaintiff was entitled to recover, then judgment should be entered as upon a special verdict for the plaintiff—her dower to be admeasured, &c.

*F. G. Jewett,* for the defendant, conceded that *at common law* the widow was not a *tenant in common* with the heir or

alienee ; that she had no vested interest or estate in the lands of her deceased husband until dower was assigned to her ; that she could neither sell or enter, her right existing only in action ; and having no right to enter, she could not maintain ejectment ; but he insisted that the *revised statutes* have conferred on the widow a *vested interest* in the lands before assignment of dower and a *right of entry*, and that consequently, without proving an *actual ouster*, or acts amounting to a denial of her right, the widow cannot maintain ejectment. He cited 1 *R. S.* 740, § 1, and 2 *R. S.* 303, § 3, 10, 22. He contended that, under a similar statute in *Connecticut*, it had been held that a widow in possession previous to assignment of dower, should be considered as a *tenant in common*. 5 *Conn. R.* 462. The counsel also insisted that the plaintiff was not entitled to judgment, the suit having been prosecuted in bad faith, for the purpose of extorting a sum of money in gross, instead of obtaining a third of the land, which was offered and refused before suit brought ; and that if this action was maintained, tenants holding lands subject to dower would always be at the mercy of the demandant, as far as the costs of an ejectment was concerned.

*V. Birdseye,* for the plaintiff. The revised statutes have not changed the law as to the rights of widows entitled to dower ; the right to dower is now as it was at common law— a *right in action,* and not a *right in possession.* The only object and effect of the statutes is to change the remedy from a *writ of dower* to an *action of ejectment,* and to prescribe the forms of proceeding. In the case cited from the *Connecticut Reports,* the widow was in the *actual possession* of the land, and the question whether she was entitled to be considered as a *tenant in common,* from the mere fact of her having a *right of action,* was not considered. The offer to the agent of the plaintiff that she might take her dower in the land cannot be considered as a *tender,* and would not prevent the widow from recovering damages, 2 *Sellon's Pr.* 209 ; nor would the facts support a plea of *tout temps prist* at common law, for on such plea the demandant may take a judgment of course. 1 *Cowen,* 181. 2 *Johns. R.* 484. As to the question of costs, a plea of

tender, depriving a party of costs, is limited by statute to personal actions, and the court will not extend the statute by construction to real actions. Had the defendant been disposed to save costs, he might have suffered a default, or procured the dower to be admeasured.

*By the Court,* NELSON, J. The *Revised Statutes, vol.* 2, *p.* 303, § 2, have substituted the action of *ejectment* to recover the widow's dower, instead of the old remedy—by *writ of dower ;* and it is supposed by the counsel for the defendant that the nature and situation of her interest or estate has been changed ; that she is now a *tenant in common* with the heir or alienee of the husband, immediately on the death of the husband, possessing a vested interest and right of entry, whereas at common law she has none until the assignment, and till then her right existed only in action. 7 *Johns. R.* 249. The act declaring the widow's dower, 1 *R. S.* 740, § 1, is substantially a copy of the old law, and the only ground for presuming any change in the condition of the estate before assignment, from what it has heretofore been held to be, is the language of some of the provisions, prescribing the new remedy by ejectment. The 3d, 10th and 22d sections are referred to as sustaining this view, but it will be seen, on an examination of them, and indeed of all the other sections in that title of the statutes, that they are intended only to regulate the forms and proceedings in the new action of ejectment, from the commencement to its termination, and *not* to alter or modify any *right* to or *interest* in real estate, which has heretofore existed. That the remedy may seem inappropriate, according to principles and the practice as heretofore understood, is true ; but that will not justify us in subjecting the rights, interests or estates of parties, which constitute the subject matter of the suit, to a conformity with the literal provisions of the statute prescribing the remedy. That would be reversing the rule of the common law, and, instead of applying a remedy to a right, would be adjusting the right to the remedy. The provision, therefore, *sec.* 27, *p.* 307, which is declaratory of the law as it has always existed, which requires a *tenant in common,* in this action against his co-tenant, to prove on the

trial an *actual ouster*, or some other act amounting to a denial of his right, has no application to this case. To hold an estate in dower a tenancy in common with the heir or owner of the premises, would tend to derange many of the principles heretofore applicable to this estate, and well understood; for such a conclusion would seem necessarily to draw after it all the rights and remedies incidental to such a tenancy, such as partition and the like, if any regard was paid to the consistency of the law.

The offer to give the widow her dower when demand was made, constituted no bar to the action. Before the revised statutes, a plea of tender to the demandant, in a case of this kind, did not preclude the recovery; its only effect was to restrain it to one third of the value of the premises at the time of the alienation. She might take judgment according to the tender. 2 *Johns. R.* 484. 1 *Cowen*, 188. When the action was brought to recover dower in premises of which the husband died seised, the plea of tender only precluded the demandant from recovering damages for its detention.

By the *Revised Statutes, vol. 2, p.* 306, § 22, the defendant, in an action of ejectment to recover dower, may plead the general issue in the form there stated, and by § 23, may give in evidence any matter which, if pleaded on the former action of dower, would bar the plaintiff. Under this section, if it were now, as formerly, necessary for the security of the defendant's rights in a case of this kind, to shew upon the trial the alienation of the husband in his lifetime, and tender according to value at that time, in order to limit the extent of the recovery, evidence of the facts might be given under the plea of the general issue, within the spirit of this provision. It would not be necessary, if admissible, to plead them. The judgment, however, would be the same as when the matter was pleaded, and which was for the plaintiff, notwithstanding the tender.

But it is not now essential or even proper to go into evidence on the trial, in order to determine whether the husband aliened during his lifetime or not, as that fact, and consequently a tender of one third of the value of the premises at that time, are wholly immaterial; for it will be seen, from the

cases referred to, that the plea of tender was material only for the purpose of limiting the recovery to the value at the time of alienation, and not to defeat the action. *2 Johns. R.* 484. *1 Cowen,* 188.

The 2 *R. S.* 490, § 13, provides that the commissioners appointed to admeasure dower shall take into view any permanent improvements made upon the premises out of which dower has been or is sought to be recovered, since the alienation thereof by the husband. The defendant, therefore, now can avail himself of proof before the commissioners, to reduce the dower to the value of the land at the time of alienation, which it was formerly necessary to make, or the fact may be established by plea, before judgment. The action now tries only the right to dower ; the extent or measure of it is settled by the commissioners.

Before the revised statutes, the demandant in dower, in a case like the present, recovered no costs. Neither did she, where her husband died seised, upon the plea of tender ; but in both cases she recovered judgment for her dower. *Bull. N. P.* 116. *2 Johns. R.* 484. The 2 *R. S.* 613, § 3, gives costs to the plaintiff in these cases, when judgment is recovered ; and it is contended that effect should be given to the plea of tender to defeat the action, in order to avoid costs. We do not feel at liberty to alter the law for this reason, however plausible. The legislature have seen fit to give costs in the case, and it is not for courts to endeavor to evade the statute by the application of new principles or proceedings. Nor are we satisfied that the heir or alienee is necessarily exposed to the hardship of paying a bill of costs, where the right to dower is conceded. The assignment of dower by metes and bounds, even by *parol,* is good and valid, and constitutes a bar to the action, and they have the whole of the *quarantine* of the widow within which to make such assignment. If they concede the right, and neglect during this time to make the assignment, (and it is their duty, and not the duty of the widow to make it, for her right of entry does not exist until after assignment,) and a suit is brought, if subjected to costs or damages, it is their own fault, and not the fault of the law, for they should assign the dower. *2 Black.*

*Comm. ch.* 8, *p.* 139.　*Bac. Abr. tit. Dower, B. D.*　4 *Kent's Comm.* 63, 61.　7 *Johns. R.* 247.　*Bull. N. P.* 117.　1 *Cruise, tit. Dower, ch.* 4, *sec.* 38.

Judgment for plaintiff.