Chief Justice Robertson
delivered the Opinion of the Court.
The only question in this case, is whether the Circuit ^ourt erred in sustaining a demurrer to a declaration, in case, averring, in substance, that the defendant, as the executor of the deceased father of the wife of one John Newman, had unjustly paid to the said Newman five hundred and seventy three dollars, eighty nine and a half cents, which had been decreed to himself and his *431 said wife, against the said executor, for her interest in )ier father’s estate, in a suit in Chancery, which had been prosecuted, in their names, by the plaintiff, who had previously, for a valuable consideration, obtained from the husband an assignment of the said equitable interest; and that, prior to the payment to Newman, the defendant was apprised of the said assignment; of the fact that the suit had been prosecuted at the plaintiff’s instance, and also, of the insbivency of Newman.
The assignment passed only an equity,subject to the wife’s paramount right to a settlement; and no suit could have been maintained upon the claim,against the ex’r, without ma king the wife a party; and, in equity, neither the husband nor his assignee, had the assignee been a party,would have been permitted to obtain possession of the fund until the wife was provided for; and the fund being small, & the husband insolv’t —the whole of it would have been appropriated and secured for her support.
*431 If, upon these facts, any action could be maintained, against the defendant, the Circuit Judge erred, because the declaration is well conceived.
But we are of the opinion that no action can be sustained against the defendant, for performing the decree by paying the five hundred and seventy three dollars, eighty nine and a half cents to the husband, to whom, as well as his wife, he was directed by the decree to make payment.
The wife’s interest being equitable, the assignment of it by the husband, could have passed to the assignee only an equity, subject to the wife’s paramount right to a competent settlement; and, not only is it certain that no portion of the amount of that interest could, therefore, have been coerced in a court of equity from the executor, by either the husband, or'his assignee, without making the wife a party to the suit; but it is altogether probable that, had the assignee brought the suit in his own name, making, as he must have done, the assignor and his wife parties, the whole five hundred and seventy three dollars, eighty nine and a half cents would have been settled on her by the Chancellor, because, the husband being insolvent, such a provision for his wife by the appropriation of her own patrimony — certainly not more than adequate' — would have been clearly and indisputably right. Had the assignee applied for leave to prosecute the suit, for his own exclusive benefit, and to collect the amount of the decree, the Court ought, in the like manner, to have protected the wife. And it is not improbable that this was the reason why the plaintiff did not disclose to the Chancellor, the fact that he was prosecuting the suit for his own use. The fact *432 that he did prosecute the suit cannot, therefore, have changed the character of his preexisting right; and the decree in favor of the husband and wife jointly, only strengthened her prior equity, and impaired that of the assignee. Had the husband died before the executor had performed the decree, the wife would have been entitled to the whole five hundred and seventy three dollars, eighty nine and a half cents by survivorship; and the executor could not have been compelled, either before or after the husband’s death, to pay the money, or any portion of it, to his assignee.
Had the husband died before the decree was complied with by the ex’or, the wife living, the right would have survived to her.
As, therefore, the declaration has not averred that the record of the chancery suit showed that the decree was obtained for the assignee’s benefit, or that the Chancellor sanctioned his claim to the amount decreed, but, on the contrary, avers that the executor was directed by the decree to pay the five hundred and seventy three dollars, eighty nines and a half cents to the husband and wife, and, as the record purports,- for their own use, we cannot doubt that it was not only the privilege but the duty of the executor to pay to the husband, or to him and his wife, for their joint benefit, the whole sum decreed against him in their favor. A payment to any other person, without their authority, or at least that of the husband, after the date of the decree, would not have exonerated the executor from the decree, and would have been perfectly gratuitous, and unauthorized by the decree.
It was the executor’s duty to look only to the decree and the record of the suit in which it had been rendered, and he had no right to enquire whether the persons, who were there shown to be his creditors, were beneficially, as well as nominally, entitled to receive the amount decreed to them, or whether, upon a knowledge of extrinsic facts, the plaintiff in this action had a better right in equity, or any right at all. Had the executor refused to pay the money as directed by the decree, he could have been compelled to do so; and we know not by what kind of procedure the assignee could have obtained from him the amount of the decree, without the ■consent of the party to whom he had been directed to *433 pay it. There can be no doubt that had he attempted, by a suit in chancery, to enjoin the money in the executor’s hands, and finally to compel a payment of it to himself as the husband’s assignee, he must have failed, unless the wife had waived her more meritorious title to it.
But even if the executor might have had a right to elect to pay the money to the assignee, and to claim the protection of the Chancellor against the husband and wife — still it was not his duty to make such a payment. He had a clear right to execute the decree as rendered, Lee vs. Chambers, 3 J. J. Mar. 506.
Wherefore, it is considered that the judgment of the Circuit Court be affirmed.