## Stith *vs* Jones.

APPEAL FROM THE HARDIN CIRCUIT.

*Forcible entry, &c.   Possession of land.   Instruction.*

JUDGE MARSHALL delivered the opinion of the Court.

FORCIBLE EN-
TRY.

*Case* 70.

*April* 11.

The case stated.

THIS cause was formerly before this Court, when the judgment against Stith was reversed for error in the instructions given to the jury.   For the material facts then appearing and the principles decided, reference is made to the opinion of the Court, reported in 7 *Dana,* 432. Upon the trial which took place after the return of the cause to the Circuit Court, the evidence affecting the date and extent of the possession taken and acquired by the parties, was but little variant from that which appears in the former bill of exceptions, from which it appears, in addition to the facts stated in the former opinion, that the bond of Lewis to Stith bears date the 11th of September, 1815, and the survey of 1302 acres, to the boundaries of which Stith claimed, bears date on the 13th of the same month; that on the 24th of August, 1815, Stith had purchased under an execution against E. Harlan, &c. so much of four tracts of land as lay in the county of Hardin, described as four adjoining tracts, the property of E. Harlan, one containing 835 acres and the three others 1000 acres each, lying in the county of Hardin and including the Big Spring, in the Barrens, on the road from Elizabethtown to Hardinsburg, and in 1819, received a Sheriff's deed therefor.   It further appears that Stith resided in Breckinridge county, within the survey above mentioned, which includes the land in contest, lying in Hardin county, which is also covered by the Sheriff's deed, and also, by one or more of four patents issued to Larue, junior in date to that of Banks, &c., and which agree in quantity and position with the four tracts mentioned in the Sheriff's deed, whence it may be inferred that Harlan held or claimed, or was supposed to have held or claimed title under the patents of Larue.   But of this there is no other evidence except the coincidence above

noticed. Neither is there any evidence that Stith, who was, in 1815, possessed of the land in the survey above mentioned, both in Hardin and Breckinridge, entered upon it under Larue's patent, or under his purchase at Sheriff's sale, which purchase seems to have been made for the price of twelve and a half cents. But the survey above mentioned, states the 1302 acres to be a part of Banks, &c.'s 113, 482 acre survey, and the bond of Lewis, in describing the land sold, refers to the same survey and shows the purchase money to have been one dollar per acre; and it was in evidence that Stith had said that he first took possession on his own hook, claiming the land as his own, and afterwards purchased different claims to quiet his possession and claim. The defendant holds an undivided interest in Larue's patents covering the land in contest, but does not appear to have entered upon any part of the land in Hardin county, until about the year 1833. The warrant was brought in September, 1835. On these facts, in addition to those stated in the former opinion, the Court instructed the jury that Stith could not maintain the action against the defendant, for any entry made after Stith's purchase of the land set forth in the Sheriff's deed—and the propriety of this instruction is the question to be decided.

This instruction, as we suppose, was based upon the assumption: 1st. That Stith entered under his purchase at Sheriff's sale. 2d. That by that purchase he acquired or supposed he had acquired some interest under Larue's patent, and therefore, entered under that patent. 3rd. That no derivation of title to Harlan, under that patent, being shown, Stith's entry and possession were in subordination to those who held title under it. And, 4th. That although by his entry he may have gained a constructive possession to the extent of his claim, that possession, except so far as it was held by actual enclosure, was divested by the subsequent entry upon it of any one who held the legal title to the patent, under which the entry was made, although it was the junior patent.

If the principle of the instruction was thus arrived at, and we have been unable to conjecture any other process by which it can be plausibly supported, it is, in our opin-

ion, subject to the following valid objections: 1st. Whatever inference the jury may have been authorized to draw from the evidence, the Court had no right to assume that Stith entered under, or even after his purchase at Sheriff's sale. 2nd. The land being sold and conveyed as the property of Harlan, without reference to any claim under Larue's patent, the Court had no right to assume that an interest in that patent was intended to be sold or supposed to be acquired, and certainly no right to assume that such interest was subordinate to the legal title or interest in that patent. 3rd. On the contrary, as the legal interest in land was alone subject to levy and sale, the presumption would be, that under whatever patent Harlan may have claimed, he claimed, or was supposed to have claimed and held the legal interest in it, and that such interest was intended and supposed to have been sold and purchased. 4th. An entry under such purchase, even *before* it was consummated by deed, cannot, therefore, be presumed to have been in subordination to any person except Harlan, who should be presumed to have claimed adversely to all the world. 5th. If the land were sold as being Harlan's property under Larue's patent, it was sold as being his by legal derivation of title under that patent, and the entry of the purchaser under his purchase must be presumed to have been under claim that the legal title under Larue's patent was in Harlan, and therefore, without looking to any other source for title, but in hostility to all other claimants of title under that, as well as all other patents. And in order to put him in subordination to the real title holders under that patent, the actual relation of Harlan to them must be shown. The mere fact, if it had been proved, that Harlan claimed to own the land, or that he claimed to own it under Larue's patent, or that the Sheriff or the purchaser supposed that he owned it under Larue's patent or otherwise, cannot, in the absence of any evidence whatever that Harlan had any sort of title or interest in the land or in that patent, establish any relation of amity or dependence between him or the purchaser of his supposed interest and the holders of that patent.

It is improper for the Court to assume facts as proved and instruct the jury thereupon, the jury should be left to decide facts.

Conceding then, without deciding that if it appeared that Harlan had held a bond on Larue or his heirs or alienees, or other defeasible title derived from or dependent on them, the purchaser of such interest, though supposing it to be legal and indefeasible, would, by his entry under the purchase, acquire a possession subordinate to the holders of Larue's title, and liable to be divested by their subsequent entry upon it, the Court improperly assumed the facts to which this principle would apply, and the instruction was, therefore, erroneous. We are not satisfied that the evidence before the jury would have authorized their finding the facts to which this principle would apply, or that there is any thing in the case, as it appeared on the last trial, to render inapplicable, in any

Where land lies in different counties, an entry in one will not divest a possession in another.

respect, the principles stated in the former opinion. To which we will barely add, that as the land lies in different counties, and Stith was possessed of the land in each of the counties, his possession in either county could only have been divested by an entry within that county.

For the error in the instruction above noticed, the judgment is reversed and the cause remanded for a new trial to be had on the principles of this and the former opinion.

*B. & A. Monroe* for appellant: *Morehead & Reed and Owsley & Goodloe* for appellees.