### Hannah Johnson *versus* Shields *&* al.

A widow's right of dower, before it is assigned to her, rests only in action.

Her release or conveyance of that right, except to a party in possession or in privity of the estate, from which it accrued, is without effect.

Such a right is not embraced by the R. S. c. 91, § 1, abrogating the common law rule, by which disseizees are prevented from conveying.

Dower. The land was in possession of the tenants, under a conveyance from the demandant's husband, and she had a right of dower. She deeded that right to one Coffin, but he had no possession of the land. After notice to the tenants of that deed, she conveyed her right of dower to them. This suit is brought for the benefit of Coffin.

Upon these facts, the case was submitted for a legal decision.

*True,* for the demandant.

Dower, before it is assigned, is a chose in action. 9 Mass. 13; 2 Cow. 638; 10 Wend. 528; 13 Pick. 35; Gilb. Ten. 26.

As such chose in action, it is assignable; and if made *bona fide* and for a valuable consideration, the assignment will be upheld by the court. R. S. c. 95; Long on Sales, 3 and 4; 4 Kent's Com. 61, 468; *Powell* v. *Powell,* 10 Alabama, 49; 1 Peters' C. C. 199; *Stedman* v. *Fortune,* 5 Conn. 462; *Eveleth* v. *Story,* 7 Hill, 585; *Mandeville* v. *Welch,* 5 Wheat. 233; *Corser* v. *Craig,* 1 Wash. C. C. ——; Jackson on Real Actions, 316, 317; *Dyer* v. *Burnham,* 25 Maine, 9.

Hannah Johnson and the defendants, as privies to her, are estopped from denying the validity of her deed to Coffin.

*Doe* v. *Roser*, 3 East, 16; *Cox* v. *Jagger*, 2 Cow. 650; *Selleck* v. *Adams*, 15 Johns. 197.

The plaintiff in interest, who is the assignee of a chose in action, has a right to use the name of the assignor, in an action, to recover his right, and the assignor cannot, after assignment, defeat the action. *Webb* v. *State*, 13 N. H. 230; *Stiles* v. *Farrar*, 18 Vt., 3 Wash. 444; *Fitzsimmons'* appeal, 4 Burr. 248; U. S. Dig. 1847, vol. 1, (assignment) p. 50; *Anderson* v. *Miller*, 7 S. & Marshall, 586; U. S. Dig. 1847, p. 51.

*Dana*, for the defendants.

1. This is not an action under the R. S. (ch. 144,) being neither brought by the widow, nor for her benefit.

The statute remedy is confined and specific, and cannot in this way be enlarged.

2. But if this difficulty were removed, Coffin could not maintain this action. He acquired whatever rights he has, by the conveyance from Hannah Johnson.

By that he acquired no right at all. For, till dower is *assigned*, the widow has neither entry in the premises, nor right of entry. She has merely an inchoate personal right, which lies in action only. *Hildreth* v. *Thompson*, 16 Mass. 191; *Windham* v. *Portland*, 4 Mass. 384; and nothing in *action*, entry or re-entry can be granted over or assigned. Coke Lit. § 347; 4 Cruise Dig. 89.

Besides, the decisions are direct that, before dower has been assigned, the widow may release to those already rightfully in possession, but she cannot convey it to others. *Green* v. *Putnam*, 1 Barb. 500; *Cox* v. *Jagger & al.* 2 Cowen. 638; *Jackson* v. *Vanderheyden*, 17 Johns. 167; *Croade* v. *Ingraham*, 13 Pick. 33; 4 Kent's Com. 447; 1 Greenl. Cruise, p. 189, n.; *Jackson* v. *Aspell*, 20 Johns. 413.

SHEPLEY. C. J. — The demandant appears to have been entitled to dower in the premises. It does not appear, that her husband died seized of the estate, so that she was enti-

tled to a third part of the rents and profits of it, by virtue of the statute, chap. 95, sect. 6, before an assignment of dower.

The tenants present in defence a deed of release, duly executed by the demandant on June 15, 1850, by which she released to the tenants then in possession, all her right to dower in the premises.

It appears, that she had before, on May 13, 1850, by a deed of release duly executed, released her right to dower to Albert Coffin, who was not then in possession or connected with the title to the estate; and that the tenants had notice on June 11, 1850, that such a conveyance had been made to him.

By the common law, a widow, before her dower had been assigned, had no estate or interest in the land, of which she was dowable, and no right of entry upon it. She had only a right of action to recover her dower. *Sheafe* v. *O'Neil,* 9 Mass. 13; *Hildreth* v. *Thompson,* 16 Mass. 191; *Croade* v. *Ingraham,* 13 Pick. 33; *Stedman* v. *Fortune,* 5 Conn. 462; *Jackson* v. *Vanderheyden,* 17 Johns. 167; *Jackson* v. *Aspell,* 20 Johns. 412; *Cox* v. *Jagger,* 2 Cow. 638; *Yates* v. *Paddock,* 10 Wend. 528; *Williams* v. *Morgan,* 1 Litt. 167; *Shield* v. *Batts,* 5 J. J. Marsh. 13; *McCully* v. *Smith,* 2 Bailey, 103.

By the common law, no possibility, right, or title, resting in action merely, could be legally granted or released to a stranger, while it might be to one in possession of or privy to the estate, from which it accrued. *Lampet's case,* 10 Coke, 46; Co. Litt. 214; Com. Dig. Grant, D., and Assignment, C.

A conveyance or assignment of such a possibility, right, or chose in action, although not good at law, will be protected in equity, when it is not against the policy of the law, to permit an assignment or conveyance of it. *Thomas* v. *Freeman,* 2 Verm. 563; *Higden* v. *Williamson,* 3 P. Wms. 132; *Wright* v. *Wright,* 1 Ves. 409.

By the common law it has ever been considered to be

against its policy to permit mere rights of action to recover real estate or any interest in it to be conveyed or assigned ; and such conveyances have been uniformly held to pass no title or interest. As they do not convey any interest or title to the estate, the rights of the grantee or assignee rest only in the covenants contained in the conveyance.

While an owner of land was disseized, nothing passed from him by a conveyance of it. And yet his grantee has frequently been permitted to maintain an action in the name of the grantor to recover the land. This he does by the good faith and forbearance of his grantor to convey it, before judgment is recovered to the disseizee ; and not from any disability in the disseizee to convey it to the disseizor, after he has made a prior conveyance, by which nothing passed. Courts of law or of equity have not attempted to protect any rights claimed to real estate, acquired by such a conveyance made against the policy of the law. They could not do it without giving effect to a conveyance declared by the law to be inoperative as a conveyance. While inoperative as a conveyance, it may be valid as a contract between the parties to it.

The rule of the common law, which prevented an owner, who had been disseized, from conveying his land, has been abrogated in this State, by statute, chap. 91, sect. 1. This statute does not embrace the right to dower, for a widow before assignment has no title or interest in the estate, and it is the " title or interest, which the grantor has" in the land, that can be conveyed by the provisions of the statute.

Nothing can in such case be conveyed by a widow, but a chose in action of a description, an assignment of which, on account of its being suited to promote litigation, and to act injuriously upon the interests of widows and of owners of lands subject to dower, the law will not protect.

In the case *Buffington* v. *Smith*, 2 Brevard, 98, a conveyance by a widow of her right to dower appears to have been held to be an agreement between the parties on speculation, and it was decided, that the assignee could recover back no

part of the purchase-money, upon proof of a failure of consideration.

There was no legal or actual fraud committed by the tenants upon Albert Coffin by their obtaining a release of the widow's right to dower in their estate with knowledge, that she had before released the same to him, for he acquired no interest in their estate by that deed of release.

This case is more clearly relieved of fraud than was the case of *Eastburn* v. *Wells,* 7 Dana, 430. In that case a husband assigned his wife's claim as distributee of her father's estate. The assignee instituted a suit against the executor of the father in the name of the husband and wife to recover it. The executor paid the amount to the husband with a knowledge of the assignment, and it was held, that the assignee could maintain no action against the executor for so doing.

The authorities cited and relied upon by the counsel for the demandant to prove, that a right to dower may be conveyed, and that the rights of the vendee will be protected against a subsequent release of it made to the owner of the land, do not sustain that position. The decision in the case of *Stedman* v. *Fortune,* 5 Conn. 412, was made upon a statute of that State, which was decided to have the effect to make a widow a tenant in common of lands, of which the husband died seized and of which the widow was dowable.

The case of *Powell* v. *Powell,* 10 Ala. 900, decides that a widow may assign her interest in her deceased husband's estate, not that she may convey her right to dower in lands, of which the husband did not die seized.

The cases of *Mandeville* v. *Welch,* 5 Wheat. 277, and of *Comegs* v. *Vasse,* 1 Peters, 193, and of *Everett* v. *Strong,* 7 Hill, 585, relate to assignments of personal property and rights.

There is nothing presented to prevent the deed of release made by the demandant to the tenants from being effectual to extinguish her right to dower in the premises demanded.

*Demandant nonsuit.*