## KYLE v. KYLE.

*Dower — widow has only right of action for, until admeasurement. Surrogate — power of as to claims of creditors and executors.*

A widow and her son lived six years on a farm in which she had a dower interest, but her dower was never admeasured, nor was there any agreement by the son to pay her for her interest. *Held*, that the executor of the son was not authorized to pay her for the use of her dower right. Until dower is admeasured the widow has nothing but a mere right of action.

The surrogate has no power to determine claims against an estate disputed by the executor, but has power to hear and determine claims by the executor himself against the estate.

APPEAL by Fanny Kyle, widow and only child of David Kyle, deceased, and another, from a decree of the surrogate of Cayuga county, allowing certain claims against the estate of the deceased; one presented by the respondent George A. Kyle, executor, etc., under the last will of said deceased, the respondent, and the other by the mother of deceased.

John Kyle died intestate in 1857 leaving Mary Kyle, his widow, and five children, among whom were the deceased David Kyle and the respondent. Said John Kyle owned at the time of his death two farms. One of these farms was sold, the widow, Mary Kyle, consenting that her dower interest might go into the other farm which George and David Kyle had purchased, and she and said two sons moved upon that farm and lived there. In 1865, George sold out to David, and David and his mother continued to reside there until David's death, which took place in 1871. During the time she lived on said farm she had the management of the household duties. She never applied for an admeasurement of her dower, and never received any thing from her husband's estate.

In his last will, David appointed the respondent and William Mersereau (David's father-in-law), executors. The executors filed separate accounts of their proceedings before the surrogate. Respondent filed, among other claims, one for the sum of $1,300, paid by respondent to said Mary Kyle, in satisfaction of her claim, for the use of her dower interest in the premises occupied by testator, for six years, immediately preceding his death, and one other for an indebtedness alleged to be due the executor upon the sale

by him to deceased of his half-interest in the farm. These two claims were allowed respondent, and their allowance constitute the, principal ground of appeal.

*Jas. R. Cox,* for appellants.

*E. A. Woodin,* for respondent.

MULLIN, P. J. The defendant, as executor of the last will of David Kyle, was not authorized to pay his mother any thing from the assets in his hands as or for her dower in the farm on which the testator lived at the time of his death. Dower is the interest that the widow has in the real estate of which her husband died seized, and is recoverable by action against the person in possession. Mesne profits are not recoverable until the widow recovers judgment for her dower. 1 R. S. 742, §§ 19, 20, 21. An action will not lie for its value in money unless an express contract to pay for it is proved.

Until assignment, the widow has nothing but a mere right of action (*Yates* v. *Paddock,* 10 Wend. 528), so that she cannot maintain an action for use or occupation. Such an action can only be maintained by one having an estate in the land, and as between whom and the occupant the relation of landlord and tenant exists. *Coit* v. *Planer,* 4 Abb. N. S. 140 ; *Smith* v. *Stewart,* 6 Johns. 46.

It is quite probable that had the testator promised to pay the widow the value of her dower interest in the use of the farm in which such right existed, an action on the promise might be sustained, although dower had not been assigned to her. No such promise is pretended, much less proved. The surrogate erred in allowing the item of $1,300.

The claim of the executor to be paid out of the assets, a demand of $1,500, alleged to be due him by the testator at the time of his death, has been allowed against the weight of evidence given on the hearing. The $1,500 are claimed by defendant to be due to him for one-half of the personal estate on the farm on which he and the testator lived at the time of the sale of the farm and personal property by defendant to the testator. It is conceded by the defendant that the land was paid for, but he insists the personal property was not paid for.

The appellants insist that the testator purchased both the real

and personal property for the sum of $6,000, and that no claim was made for the price of the personal until after the death of the testator.

The appellant's counsel makes no objection in his points on the appeal to the allowance by the surrogate of the personal claim of the defendant against the estate of the testator, provided he had jurisdiction to hear and decide it.

By 2 R. S. 88, § 33, it is provided that no part of the property of the deceased shall be retained by an executor or administrator in satisfaction of his own debt, until it shall have been proved to and allowed by the surrogate. By the next section it is provided that the proof of such debt may be made on the service and return of a citation for that purpose directed to the proper persons, or on the final account of such executor or administrator.

The statute imposes no limitation on the power of the surrogate to hear and determine such claims. It matters not whether the claims of the executor are or are not disputed, they must be proved to the satisfaction of the surrogate before he can allow them.

The power of the surrogate to hear and determine claims of creditors against an executor, and disputed by him, has been uniformly denied. See cases collected in 5 Abb. Dig. 664, subd. 58 (2d ed.).

And his power to hear and determine claims made by the executor against the estate for debts due to him from the testator, has been quite as uniformly asserted. *Williams* v. *Purdy*, 6 Paige, 167 ; *Gardner* v. *Gardner*, 7 id. 112 ; *Jumel* v. *Jumel*, 7 id. 591 ; *Robinson* v. *Raynor*, 28 N. Y. 494. See *Matter of Cunningham*, 1 Hun. 214.

The appellant's counsel raises no question as to the allowance of the other claims by the surrogate, and they are not, therefore, considered by us. The surrogate was right in refusing interest on the $1,500 claimed by the defendant.

It is not satisfactorily proved that the personal property was sold by defendant for a specific sum. It would seem that the amount was arrived at by defendant by his estimate of the value of the property that the testator received with the farm.

The decision is reversed as to the $1,300 allowed the mother of the defendant for her dower, and affirmed as to the residue. The proceedings are remitted to the surrogate with directions to settle the account of the executor by disallowing instead of allowing the item of $1,300 for money paid by defendant to his mother.

*Ordered accordingly.*