ALVAN T. PAYNE, RECEIVER OF THE PROPERTY OF LOUISA BECKER, A JUDGMENT DEBTOR, APPELLANT, *v.* LOUISA BECKER, RESPONDENT, IMPLEADED WITH OTHERS.

*Dower—until it is admeasured, the interest of the widow is unassignable—such interest will not pass to a receiver in supplementary proceedings.*

Before her dower has been assigned to her, a widow has no assignable estate or interest in the lands of her deceased husband, nor has she any estate or

interest. therein which will pass to a receiver (appointed in proceedings supplementary to an execution, issued upon a judgment recovered against her) by a conveyance made by her to him in pursuance of an order of the court by which the receiver was appointed.

APPEAL from a judgment in favor of the defendant, entered upon an order sustaining a demurrer to the complaint.

The complaint alleged that the plaintiff had been duly appointed a receiver in proceedings supplementary to execution issued upon a judgment, recovered against the defendant, Louisa Becker, and that she had, in pursuance of an order of the county judge, executed an assignment of all her property to him; that the said defendant was formerly the wife of one George Naumann, who died seized of certain real property at College Point, Queens county, consisting of a house and a lot of land; that the other defendants were the heirs-at-law of the said George Naumann, deceased; and that the dower of the defendant, Louisa Becker, in the said real property, had never been assigned to her, or released by her, except to this plaintiff, as receiver, and that a partition or sale was necessary in order to enable the receiver to reach and apply the right of dower upon the aforesaid judgment; that an order had been made, granting the said receiver leave to bring this action. The plaintiff then demanded judgment: 1st. For the admeasurement of the dower of Louisa Becker in the said premises; 2d. For a partition; or, if actual partition cannot be had, then for a sale thereof; and that a gross sum, in lieu of dower, be set off to the plaintiff, as the share of the said Louisa Becker.

The defendant demurred to the complaint on the following grounds: 1st. That it did not state facts sufficient to constitute a cause of action; 2d. That two causes of action were improperly united, one for an admeasurement of dower, and the other for a partition; 3d. That plaintiff was not one of the persons authorized by law to have the defendant's dower admeasured; 4th. That plaintiff was not authorized to maintain an action for the partition of the said real property; and, 5th. That this plaintiff was not a proper party plaintiff.

*Roswell W. Keene,* for the appellant. A widow's right of dower

before it is admeasured, is a thing in action and cannot be sold on execution at law, but in this State it may be reached by process. in chancery for the benefit of creditors. (*Tompkins* v. *Fonda*, 4 Paige Ch., 448 ;. *Stewart* v. *McMartin*, 5 Barb. 438 ; 4 Kent Comm. [8 ed.], 61, in the opinion, stated as the law in 33 Barb., 448. See 3 R. S., 6 ed., 190, § 56 [39], and cases there cited.)

*Samuel B. Caldwell*, for the respondent. To maintain partition. of lands the plaintiff must have actual or constructive possession. of the same, in common with the defendants, and must also show a legal title to the land in the plaintiff and his alleged co-tenants.. (*Florence* v. *Hopkins*, 46 N. Y., .182 ; *Howell* v. *Mills*, 7 Lans.,. 193 ; affirmed, 56 N. Y., 226 ; *Stryker* v. *Lynch*, 11 N. Y. Leg. Obs., 116 ; *Sullivan* v. *Sullivan*, 66 N. Y., 37–41 ; *Dubois* v. *Cassidy*, 75 N. Y., 299 ; affirming *S. C.*, 5 N. Y. Weekly Dig., 210.).

No .parties other than the widow, an heir or owner, or the guardian of an heir or owner, have authority to apply for admeasurement. of dower. (2 R. S., 1123, § 26 ; 3 R. S., 776, § 1, *et seq.* ; 5. Wait Pr., 161, *et seq.*, and cases cited; *Wiles* v. *Peck*, 26 N. Y.,. 42, 45 ; *Jackson* v. *Aspell*, 20 Johns., 411 ; *Ritchie* v. *Putnam*, 13 Wend., 524 ; *Greene* v. *Putnam*, 1 Barb., 500.) Right to dower is a personal right that will' not descend to the personal representatives, and which cannot be aliened so as to be enforced by an. assignee or vendee. (Gerard Titles, 168, note, and cases cited ;. *Wiles* v. *Peck*, 26 N. Y., 42, 45 ; *Mallory* v. *Horan*, 49 Id., 112 ;. *Cox* v. *Jaggar*, 2 Cow., 638 ; *Zabriskie* v. *Smith*, 13 N. Y.,. 322 ; *McKee* v. *Judd*, 12 Id., 622 ; *Hyslop* v. *Randall*, 11 How. Pr., 97 ; *Dinniny* v. *Fay*, 38 Barb., 18.) No authority exists for the joinder in one complaint of a cause of action for the admeasurement of dower, and one for the partition of real property. (Code Civ. Pro., §§ 484–488 ; *Tanner* v. *Niles*, 1 Barb.,. 560; *Wood* v. *Clute*, 1 Sandf. Ch., 199 ; *Coles* v. *Coles*, 15 Johns.,. 319.) The plaintiff here is not one of the persons authorized by law or entitled to sue or institute proceedings for the admeasurement of the dower of the defendant. (*Lawrence* v. *Miller*, 2 N. Y., 252 ; 5 Wait Pr., 161, and cases there cited ; *Siglar* v. *Van Riper*, 10 Wend., 414 ; *Maloney* v. *Horan*, 36 How. Pr., 260, 267 ;.

*Scott* v. *Howard*, 3 Barb., 319; 2 Hilliard Am. Law, 43; *Cox* v. *Jaggar*, 2 Cow., 638; *Van Name* v. *Van Name*, 23 How. Pr., 247; *Moore* v. *Mayor*, &c., 8 N. Y., 110, 113. *Wiles* v. *Peck*, 26 Id., 42–45; *Rutherford* v. *Graham*, 4 Hun, 796.) A receiver in supplementary proceedings cannot bring an action for the partition of lands in which the judgment debtor has only an interest. (*Scott* v. *Elmore*, 10 Hun, 68; *Dubois* v. *Cassidy*, 5 N. Y. Weekly Dig., 210; *S. C.*, affirmed, 75 N. Y., 299.) A dowress cannot file a bill for partition, or be sole defendant. (*Coles* v. *Coles*, 15 Johns., 80; *Wood* v. *Clute*, 1 Sandf. Ch., 199; *Bradshaw* v. *Callaghan*, 5 Johns., 80.) Right to dower is a mere license, is personal to the licensee, and is neither salable or transferable. (*Mendenhall* v. *Klinck*, 51 N. Y., 246; *Lawrence* v. *Miller*, 2 Id., 252; *Moore* v. *Mayor*, 8 Id., 110; *Marvin* v. *Smith*, 46 Id., 575.) The plaintiff acquired no title to or in the real estate by the conveyance from the defendant, made in obedience to the order of the county judge. (*Scott* v. *Elmore*, 10 Hun, 68; *Chatauqua Co. Bank* v. *Risley*, 19 N. Y., 375; *Moak* v. *Coates*, 33 Barb., 498.)

BARNARD, P. J.:

I think the plaintiff cannot maintain this action. He is a receiver appointed in proceedings supplementary to execution. The judgment debtor, Louisa Becker, is entitled to dower in her late husband's lands. Her dower has never been assigned. The plaintiff, as receiver, took no interest in the land. The unassigned dower right is not the subject of sale under execution or of a conveyance. The plaintiff invokes the authority of the case of *Tompkins* v. *Fonda* (4 Paige, 448). That case was a creditor's bill. In the action the Chancellor appointed a receiver, with directions for him to apply for an admeasurement of the wife's dower in her name. The plaintiff in this case rests his claim upon his legal title derived from a conveyance to him as receiver of an unassigned dower interest. In legal effect he claims to have derived the right by it to admeasure the dower and to sell the land if no admeasurement can be made, the same as she could do if no receiver was appointed.

In *Dubois* v. *Cassidy* (75 N. Y., 299) it is strongly intimated that

a receiver appointed under supplementary proceedings does not obtain such a title as entitles him to ask partition upon it. This doubt is expressed in a case where the judgment debtor had an assignable estate. In the case under consideration the interest was personal in the widow, and the assignee could not dispossess the heir at law.

The judgment should be affirmed, with costs.

DYKMAN, J. :

It is provided by our Revised Statutes that a widow shall be endowed of the third-part of all the lands whereof her husband was seized of an estate of inheritance at any time during the marriage. (1 R. S., 740.) The statutory provision is but a confirmation of the common law, and under it the widow has a right, resting in action merely. She has no estate in the land, and, after her quarantine, has no right even to possession, for the obvious reason that, until assignment had, it cannot be known what she will have. As it is a right, she may release, but cannot convey or assign it, nor give to another the right to maintain an action for its recovery, because, until its assignment, she has no estate in the land. She is not a tenant in common with the heirs, and cannot maintain partition. (*Green* v. *Putnam*, 1 Barb., 506 ; *Siglar* v. *Van Riper*, 10 Wend., 414 ; *Yates* v. *Paddock*, 10 Wend., 533 ; *Ritchie* v. *Putnam*, 13 Wend., 526.) These plain principles dispose of this case adversely to the plaintiff's action, for our statute only authorizes a partition where several persons hold and are in possession of lands as joint tenants, or as tenants in common only. (2 R. S., 317, § 1.) The plaintiff claims to maintain this action as the assignee of the right of dower of a widow before admeasurement; and when, as we have seen, she could not be in possession, neither was she a joint tenant, or a tenant in common with the heirs. As she was not herself in a situation to institute partition, she could not clothe the plaintiff with greater rights than she herself had, as the dower of the widow rested in mere right until admeasurement. She could only release it, and could not assign it, and the plaintiff took nothing by her assignment to him. It matters not that such assignment was made under an order of the court. Such order could give no

vitality to that which without it had no existence. The widow had no estate in the land and could therefore give none to the plaintiff, even under the order of the court.

There are very grave doubts whether a receiver in supplementary proceedings obtains any title to real estate that will enable him to maintain an action for partition. (*Dubois v. Cassidy,* 75 N. Y., 299.) We do not decide the question in this case, as our decision rests satisfactorily upon the ground first stated.

The order appealed from must be affirmed, with costs and disbursements.

Present—BARNARD, P. J., and DYKMAN, J.; GILBERT, J., not sitting.

Judgment affirmed, with costs.