( Decided January 23rd, 1867.)

LOUISA M. T. HILLEARY and DANIEL CLARKE, Tenants, *vs.* LEONARD HILLEARY'S LESSEE.

WILL,—CONSTRUCTION OF: EXECUTORY DEVISE: EJECTMENT,—DEFENCE OF DOWER IN.—A devise contained in the will of S. O H. was as follows: "I give and bequeath to my dear nephew, T. H., with the reservation hereinafter specified,

Hilleary et al. vs. Hilleary's Lessee.

all my real estate which I now own, lying and situate in Maryland, to him and his children forever; but should he die before my nephew, L. H., leaving no children or issue, I then give and bequeath the said real estate to my nephew, L. H., to him, his heirs and assigns forever." T. H. entered upon the land devised, and afterwards conveyed the same to D. C., and on the same day accepted a deed of the same land to himself from D. C. On the same day T. H., by his last will, devised said land to his wife for life, with remainder to his two sisters. T. H. afterwards died during the lifetime of L. H., without issue. In an action of ejectment by L. H. against the wife of T. H. and another.—HELD:

1st. That T. H. took an estate in fee-simple with a conditional limitation, (and not a fee tail,) that is, subject to the executory devise over to L. H. and his heirs, to take effect in the event of T. H. dying in the lifetime of L. H. without issue; that the title is not affected by the deeds, and the will of T. H., and in the happening of the contingency provided for, the estate passed by executory devise to L. H. and his heirs.

2nd. That a defence by the defendants in ejectment, based upon the claim of dower by the wife, was bad; "although the title to recover is consumate, the title of entry does not accrue until the ministerial act of assigning to her a third part in certainty has been performed."

APPEAL from the Circuit Court for Prince George's county.

This is an action of *ejectment* by the appellee against the appellants. The record shows that Sally O. Hilleary being seized and possessed of the lands mentioned in the declaration, devised the same by her will, dated 1st of August, 1851, and proved 20th of September, 1851, as follows :

"I give and bequeath to my dear nephew, Tilghman Hilleary, with a reservation hereinafter specified, all my real estate which I own, lying and situate in Maryland, to him and his children forever; but should he die before my nephew, Leonard Hilleary, leaving no children or issue, I then give and bequeath the said real estate to my nephew, Leonard Hilleary, to him, his heirs and assigns forever."

Tilghman Hilleary entered upon the land as devisee under the will, and afterwards, on the 27th of March, 1863, executed a deed professing to convey these lands to Daniel Clark, and on the same day accepted a deed to himself from said Daniel Clark professing to re-convey the same lands.

On the same day Tilghman Hilleary executed his will, by which he devised these lands to the appellants in the

manner and for the purposes stated, and died in the same month without ever having had issue, and leaving the appellee, Leonard Hilleary, surviving, he being the same person mentioned in the will by that name.

On the evidence, which is above substantially stated, the defendants offered the following three prayers :

1st. That by the proper construction of the said will of S. O. Hilleary, the devisee, Tilghman Hilleary, took an estate tail, which estate passed, by the deeds and will aforesaid, to the grantees and devisees therein named in fee.

2nd. That the defendant, Mrs. Hilleary, as widow of Tilghman Hilleary, is at least entitled to dower in said lands, and that no recovery can be had in ejectment against her until her dower is laid off therein.

3rd. That the limitation over by the said will of S. O. Hilleary to Leonard Hilleary, is too remote to be effectual.

The plaintiff offered two prayers:

1st. That by the true construction of the first clause in the will of Sarah O. Hilleary, Tilghman Hilleary therein named took an estate in fee-simple in all her real estate lying in the State of Maryland, subject to the executory devise over to Leonard Hilleary and his heirs, to take effect in the event of said Tilghman's dying leaving no children or issue in the lifetime of said Leonard Hilleary.

2nd. If the jury find from the evidence, that Sarah O. Hilleary died seized of the lands in the declaration mentioned ; that before her death she made and published her will as offered in evidence by the plaintiff; that the lands in the proceedings mentioned lie in Prince George's county, Maryland, and are the same that were devised by the will of said testatrix ; that the plaintiff, Leonard Hilleary, is the same Leonard Hilleary mentioned in said will as the nephew of the testatrix ; that the said Tilghman Hilleary married the defendant, Louisa, and died in the lifetime of

said Leonard, his said wife surviving, without having had issue or children, and leaving no children or issue at the time of his death, and that the defendants are in possession of said lands, then the title to said lands is in the lessor of the plaintiff, and that he is entitled to recover in this action, although the jury may find the deeds and the will of Tilghman Hilleary as offered by the defendants.

The Court below (BERRY, J.,) rejected the prayers of the defendants and granted those of the plaintiff, and the defendants excepted, and the verdict and judgment being for the plaintiff, appealed.

The cause was argued before BOWIE, C. J., and BARTOL, GOLDSBOROUGH, COCHRAN and WEISEL, J.

*Thos. G. Pratt* and *Robt. J. Brent* for the appellant.

The devise to Tilghman Hilleary being "to him and his children forever," and he having none living in 1851, the date of the devise, he took an estate tail by those words, because it is an immediate devise, and no children in *esse* to take. *Powell on Devises*, ch. 4, in 22 *Law Lib.*, 264. *Wild's Case*, 6 *Rep.*, 17. *Dane vs. Stevens, Doug.*, 321. 2 *Jarman on Wills*, 328, *note e.* Nor would the subsequent limitation over for default of issue at his death, change the estate tail vested by the preceding words. 22 *Law Lib.*, 265. *Seale vs. Barter*, 2 *Bos. & Pul.*, 485. *Broadbent vs. Morris*, 2 *Barn. & Ald.*, 1. 2 *Jarman on Wills, p.* 329.

Even if children are in *esse*, the word children sometimes is a word of limitation and not purchase. 2 *Jarman on Wills*, 332, 333. *Wood vs. Baron*, 1 *East.*, 259. 2 *Jarman*, 340, 341. 4 *Barn. & Ald.*, 43. 2 *Jarman*, 341, 342. 2 *M. & P.*, 512. 5 *Bing.*, 243. 1 *Barn. & Ald.*, 713. The rule is clear, that where the limitation over depends on a failure of children or issue, it is the same as failure of issue. *Torrance vs. Torrance*, 4 *Md. Rep.*, 25.

*Tenny vs. Agar,* 12 *East.,* 253. *Nutwell vs. Tongue,* 13 *Md. Rep.,* 426. Children in this case means issue to effectuate the intent, as otherwise the future born children could not take. 2 *Jarman on Wills,* 443. 1 *Atk. R.,* 432. *West's Case, T. Hardw.,* 311.

We, therefore, think that Tilghman Hilleary took an estate tail at common law, (now a fee by our statute,) and that the limitation over, being dependent on a failure of issue, is void. *Tongue vs. Nutwell,* 13 *Md. Rep.,* 426. It is not the less an estate tail because the testator contemplated it might expire in the lifetime of L. H., to whom he then limited it in remainder. The Act of 1862, ch. 161, would have changed this construction, but the will took effect before, and not after its passage.

If the devise had been to Tilghman Hilleary for life, remainder to his children, and if he died without issue then over, he had an estate tail by implication in remainder. 2 *Jarman,* 403. See 3rd *Rule in* 2 *Jarman,* 409. Even an express estate for life in Tilghman Hilleary would be enlarged to an entail, or a fee would be restricted to an entail by the limitation for want of his issue. 1 *Jarman,* 464, 465. 8 *Simons,* 4. Now here are no children in *esse* at any time to take, and there is no express estate given to Tilghman Hilleary, what did he take? If he did not take at common law an estate tail, as above shown, then there being no intention to give him a less estate, he would take a fee by the Act of 1825, ch. 119. The devise over being a contingent remainder, and void on its face, would not have the effect of reducing the estate of Tilghman Hilleary. If it razees at all his *prima facie* fee, it merely reduces it to an entail, as all his issue must fail before the devise over takes effect.

In *Hatton vs. Weems,* 12 *G. & J.,* 84, a trust for a daughter during life, and after her death to her children lawfully begotten, but if she should die without lawful issue, then

said land to go to his son and his heirs, was held to be an equitable estate tail ( fee ) in the daughter, and the limitation to the son was too remote.   See *page* 107.

It will be argued on the case of *Pells vs. Brown, Cro. Jac.*, 590, that the limitation over is good as an executory devise, because the contingency is a failure of issue when T. H. dies, leaving his brother, L. H.   In other words, that the contingency is ascertained by the event of T. H. dying in the lifetime of L. H. without issue, and, therefore, the time of the failure of issue is definite.   *Pells vs. Brown,* seems so to decide, but it is much questioned and shaken, as will be seen in Kent's opinion in 16 *Johns.*, 406.   And he clearly shows, that if T. H. took an estate tail, and the contingency was really intended to take effect after the expiration of that estate, it is not good as an executory devise, but is simply a contingent remainder, to take effect upon the expiration of the entail living the remainderman. Such a case might have been decided in *Cro. Jac.*, because the remainder in fee could well have been limited absolutely to the devisee over, and of course could be so limited contingently, and no occasion to hold it, an executory devise being good as a remainder.   But the entail being by our law a fee, the remainder would be void.

Suppose T. H. died before his brother, L. H., leaving issue, would L. H. take?   Certainly not, because the whole line of issue are preferred ; therefore, T. H. took a perfect estate tail, and as conclusively shown by Kent *Pell vs. Brown,* is not law.   16 *Johns., p.* 407, 408.   *Budd vs. Posey,* 21 *Md. Rep.*, 486.   *Pell vs. Brown* is criticised in 1 *Fearne*, 420, *side paging,* and is much shaken in 2 *Jarman on Wills,* 433, *note a,* and in *p.* 434, and, also, by Kent in 16 *Johns.*, 407, 408, and in 1 *Atkyns,* 432.   What is the case of *Pell and Brown,* but a devise to a surviving brother in case the first devisee dies without issue, which

is clearly indefinite, as held in *Newton vs. Griffith*, 16 *Johns.*, 407, 408. 1 *Har. & Gill*, 117, 120. 126, 127.

3. This will only gives to Leonard Hilleary the chance of the failure of the issue of Tilghman in the lifetime of Leonard Hilleary. 1 *H. & G.*, 126, 127. Suppose Tilghman died leaving issue, would they not take a fee, Leonard surviving? All he can claim, then, is the chance of the entail expiring in his life, but the entail now being a fee, his contingency is void.

In *Wells vs. Beall*, 2 *G. & J.*, 458, it was held, that where the words gave an estate tail, which by Act of 1*7*6, was converted into a fee-simple, a remainder limited to take effect upon the determination of the estate tail was therefore void. If that case shows that the remainder was to take effect on an indefinite failure of issue, it could not have been good as an executory devise; but the decision seems to put it on the distinct ground, that being a remainder on the estate tail, and that estate being a fee by statute, the remainder failed, and was not to be considered as an executory devise.

If this be the principle, it would seem to decide our case, which is a contingent remainder limited on the expiration of the estate tail in the life of L. H., and being good as a contingent remainder at common law, and such remainder being void in Maryland, as mounted on a fee, the great question arises, whether the Courts will regard it as an executory devise simply because as a remainder it is extinguished by statute? Can such a case be shown in any book? It is true, that where the testator gives tail and substitutes a fee for that estate dependent on a contingency which must happen in a definite period, so as to avoid perpetuities, the Courts, to carry out the intention, will support that which was never a valid remainder at common law, by construing it as an executory devise and enforcing it as such.

But here the testator intended to create a contingent remainder after the expiration of an estate tail, and the statute steps in and destroys the estate tail and the contingent remainder dependent on it. Would it not be strange if the law should destroy the estate tail, but preserve as an executory devise that contingent remainder which depended on the failure of the estate tail in a certain time? In other words, we are to establish as an executory devise that which could not be such at common law, and thus create a restriction on property which the statute of 1786 designed to remove. We hold that the statute not only sweeps away the estate tail, but the superstructure of remainders (vested or contingent) dependent on it, as held in *Wells vs. Beall*, 2 *G. & J.*, 458. It is a general rule, that a limitation which can operate as a remainder, cannot be an executory devise. *Hoxton vs. Archer*, 3 *G. & J.*, 199. The same case decided, that on a devise to C. & B. equally, and a limitation over to the survivor for life, if either dies without issue it does not restrict the feature of issue to the death of the first taker, so as to make it a definite failure.

*Hill vs. Hill*, 5 *G. & J.*, 987, decides, that where a contingent remainder is expectant on an estate tail which is converted into a fee-simple, the remainder cannot thereby be carried into effect as an executory devise, which seems conclusive of our case. The same case decides that a remainder limited on a fee-simple is void.

Suppose T. H. died leaving issue which died one hour afterwards, then did the testator intend that L. H., or the issue of T. H., should take the fee? Did he intend that L. H. should take after the vesting of the estate in the issue, and their subsequent failure, he surviving? See what is so forcibly said in 1 *H. & J.*, 126, 127. KENT shows that a subsequent case to *Pells vs. Brown*, viz., *Cha-*

dock vs. Cowly, Cro. Jac., 695, is at war with it. See 16 Johns., 406, 407, 410, 414 & 415.

Note the decisions deciding that the limitation to survivors makes a definite failure of issue, are not law in Maryland. See 1 *H. & G.*, 126, 127, and 3 *Md. Ch. Dec.*, 257. As a contingent remainder, the deed of Tilghman Hilleary would defeat it. 1 *Code, p.* 136, *sec.* 24. 5 *G. & J.*, 96. Nor could a remainder be limited here on a fee tail which is converted into a fee. 5 *G. & J.*, 97. Being seized of an estate tail, the deed of Tilghman Hilleary to Clark passed a valid title to all intents. 1 *Code,* 136, *sec.* 24.

At common law an estate tail like this could be docked by common recovery, and with it all the conditions in defeasance thereof. See 2 *Prest. Abst.*, 121. Does the power to bar by a deed the contingent estate or executory devise cease because the estate tail is enlarged by statute? 6 *Term Rep.*, 35.

This is no executory devise whatever at common law, since it does not supersede or abridge the prior estate tail, but only takes effect on its expiration as a contingent remainder, that is, if L. H. is alive when T. H. dies without issue. The estate over can never vest while there is issue alive of Tilghman; therefore, Tilghman took a clear entail, which, in Maryland, is a fee. The contingency of the issue failing in the life of Leonard, is simply a contingent remainder mounted on a fee.

4. In support of the defendants' second prayer: Every wife is entitled by law to be endowed of all lands and tenements of which her husband was seized in fee-simple at any time during coverture, and of which any issue which she might have had, might, by possibility, have been heir. *Chew vs. Chew,* 1 *Md. Rep.*, 172. 1 *Co. Lit.*, 31, (*a.*) Where a widow is entitled to dower, and is in possession of the land in which she is so entitled, no recovery in eject-

ment can be had against her before assignment of dower. *Chew's Ex'rs vs. The Farmers Bank of Maryland.*

*Wm. H. Tuck* for the appellees, contended :

1st. That the first prayer of the appellee contains the proper construction of the will, to wit: that Tilghman Hilleary took a fee-simple, defeasible on his dying without issue in the lifetime of Leonard Hilleary.

If this position be well taken, it answers the view presented by the first and third prayers on the part of the defendants below, to wit : that Tilghman Hilleary took an estate tail which was effectually docked by the deeds ; and that the limitation over to Leonard is too remote to be effectual. It also leads, necessarily, to the conclusion asserted in the plaintiff's second prayer, that on finding the facts therein set forth he is entitled to recover.

In this State the law is settled, that words, which at common law, would create an estate tail general, by our act to direct descents confer an estate in fee. This act virtually abolishes such estates tail. 1820, *ch.* 191. *Newton vs. Griffith,* 1 *H. & G.,* 111. *Posey vs. Budd,* 21 *Md. Rep.,* 477. In *Hatton vs. Weems,* 12 *G. & J.,* 84, a devise to one, and her children, was held to be an estate tail converted into a fee-simple. The devise to Tilghman being a fee-simple, the title stands unaffected by the deeds of conveyance and reconveyance, and on the happening of the event mentioned in the will, the land became the property of Leonard.

As to limitations over, the rule is, that the contingency must happen, if at all, within the compass of a life or lives in being, and twenty-one years and a fraction afterwards; as for example, where the failure of issue is restricted to a failure at the death of the first devisee, or to some other time or event which must occur, if at all, within the time required, the first devisee takes a fee-simple, and the limi-

tation over is void as a remainder, but good by way of executory devise. *Dallam vs. Dallam,* 7 *H. & J.,* 237. *Biscoe vs. Biscoe,* 6 *G. & J.,* 232.

In support of this doctrine, reference is made in *Dallam vs. Dallam,* and *Biscoe vs. Biscoe,* to the case of *Pells vs. Brown, Cro. Jac.,* 590, where the devise was to "Thomas Brown, his heirs, and if he died without issue, living William, his brother, that then William should have the lands to him and his heirs forever," and it was adjudged that the limitation over was good, on the ground that the words "without issue" were explained and restricted by the words, "living William," to mean a dying by Thomas without issue living in the lifetime of William. The Court of Appeals said, (p. 238,) "There (*Pells vs. Brown,*) the contingency on which the limitation over was to take effect, to wit, a dying without issue in the lifetime of another, was to happen within a life in being, here (that is *Dallam vs. Dallam,*) within twenty-one years," and that the cases could not be distinguished in principle from each other.

In that case the first devisee attempted to bar the limitation over by fine and recovery, as Tilghman attempted by the deeds, but the devise over was held to be good notwithstanding.

Other cases illustrating this doctrine might be cited, but as *Pells vs. Brown* is almost identical with this, and as it has been recognized here, (*Dallam vs. Dallam,*) as a leading example of a good executory devise, and as the foundation of this branch of the law, it is respectfully submitted that it is decisive as to Leonard's title under the will of his aunt.

2. If the proposition of law asserted in the plaintiff's first prayer be correct, it follows that his second was properly granted, because it merely enumerates the facts on which his title depends, and claims a verdict if such facts should be found by the jury. It also follows that there

was no error in refusing the defendant's first and third prayers.

3. The second prayer of the defendants, setting up Mrs. Hilleary's right of dower in bar of the plaintiffs' recovery, was properly refused, because it begs the very question on which the case must be decided.

The estate to Tilghman being only a limited fee-simple to expire on the happening of a contingency, and that contingency having occurred, the devise over to Leonard took effect and vested absolutely on the instant that Tilghman died, defeating the original estate of Tilghman as well as all right of dower in his widow. 1 *Cruise Digest*, 185.

4. If the right of dower existed at all, it must have been in the lifetime of the husband by reason of his ownership of the land. That estate, whatever it was, even if a mere *scintilla juris*, he devised, with other property, to his wife in lieu of dower, by which, not having renounced the will, her right to dower is defeated.

5. But conceding that the right to dower exists, it is no bar to this action. An outstanding title, or title in a defendant, when relied on in ejectment, must be such a subsisting legal title as would enable the person claiming under that title to maintain ejectment against the plaintiff or any other person. *Hall vs. Gittings*, 2 *H. & J.*, 125. *George's Creek Co. vs. Detmold*, 1 *Md. Rep.*, 234.

The title here relied on by the defendants is a mere right which may be enforced by bill in equity, or by action at law, for assignment of dower, but since ejectment cannot be maintained for dower until after assignment, it is no bar to this action as a subsisting legal title paramount to that of the plaintiff. *Park on Dower*, 283, 334. *Dorsey on Eject.*, 43.

GOLDSBOROUGH, J., delivered the opinion of this Court.

The controversy in this case arises under the will of Mrs.

Sarah O. Hilleary, late of Prince George's county, who died seized and possessed of certain real estate therein, and in 1851, devised the same as follows:

"I give and bequeath to my dear nephew, Tilghman Hilleary, with the reservation hereinafter specified, all my real estate, which I own, lying and situate in Maryland, to him and his children forever; but should he die before my nephew, Leonard Hilleary, leaving no children or issue, I then give and bequeath the said real estate to my nephew, Leonard Hilleary, to him, his heirs and assigns forever."

This clause of the will is unaffected by any other provision, and must be construed by the terms therein expressed.

The construction placed on this will by Tilghman Hilleary was, that he took an estate tail, and influenced by this construction, and to dock the entail, he executed a deed of conveyance to Daniel Clarke on the 27th of March, 1863, for the property devised to him, and Clarke, by a deed of the same date, reconveyed it to Tilghman Hilleary, who, by his will dated the day of the deeds, devised this property to the parties named in his will.

The appellants took possession of the estate in controversy, and defended the action of ejectment on the theory, that Tilghman Hilleary, by the will of his aunt, took an estate tail, which by operation of the deeds was docked, and became an estate in fee absolute capable of being devised, and that the devise over to the appellee was upon a contingency too remote to take effect in any aspect of the case.

The appellee insists that Tilghman Hilleary took an estate in fee-simple, subject to the executory devise over to Leonard and his heirs, to take effect in the event of Tilghman's dying, leaving no children or issue in the lifetime

of Leonard, which in fact occurred, by Tilghman's so dying.

A vast amount of learning has been elicited and applied to the subject of estates tail, contingent remainders and executory devises, both in England and in this country, still the adjudications both there and here, have not left us without precedents, by which we can arrive at a solution of this case in conformity with those precedents, and our view of the law. While cases may be found decided by eminent jurists in England, seeming to sanction the doctrine contended for by the appellants, those decisions may in some measure, be attributed to that policy which supports and encourages estates tail as important to family settlements. On the contrary, it has been our policy to consider all the children of a parent, and by parity of reason as in this case, the nephews of the testatrix, on an equal footing, without any distinction as to the feeling and affection of a parent or relation disposing of his or her estate by will, nor is there any expression in the will under consideration to cast a suspicion upon the perfect impartiality of the testatrix.

Is there any inflexible rule of law to affect or defeat the plain language of Mrs. Hilleary's will? The estate given to Tilghman is certainly contingent, while that given to the appellee is absolute and certain, with apt words to express a fee-simple. Can it be doubted that the testatrix intended to make a provision for the appellee upon the contingencies which, in her judgment, might happen, and which, in fact, did happen, were they to happen within a life or lives in being certainly in the lifetime of the appellee? If such a testamentary provision created a fee-simple with a conditional limitation and not a fee tail, as we think it did, the title is unaffected by the deeds and will of Tilghman, and the estate passed by way of executory devise to the appellee and his heirs. We shall pro-

ceed to justify this view of the case by the authority of adjudged cases similar in every substantial aspect to the one at bar.

The case of *Pells vs. Brown, Cro. James*, 590, is cited by this Court both in *Dallam vs. Dallam*, 7 *H. & J.*, 237, and in *Biscoe vs. Biscoe*, 6 *G. & J.*, 232. In the former, this Court said, *Pells vs. Brown* is a leading case put as an example of a good executory devise, and as the foundation of this branch of the law. In the case of *Pells vs. Brown*, the Court construed the will to indicate the intention of the testator to designate an event, on the happening of which, that is, the death of Thomas without issue, leaving William, his brother, the estate in fee-simple before devised to Thomas, was to determine or be defeated, and the contingent limitation to William to take effect by way of executory devise.

The case of *Walsh vs. Patterson*, 3 *Atkins*, 193, is also a case where the first devisee took an estate in fee-simple, upon the contingency that if he died under the age of twenty-one years, and without issue living at the time of his death, by the happening of which the preceding estate in fee was to be defeated and the limitation over to take effect by way of executory devise. See *Powell on Devises*, 223, 228, 380, 389, *note*.

This interesting and abstruse branch of the law is so fully considered by this Court in the case of *Dallam vs. Dallam*, that we have only to refer to that case and the numerous authorities there reviewed, to sustain our view of this. We may, however, quote from the opinion the following illustrative sentence: "The plain meaning of such a clause is, that if the party died before twenty-one, ( or as in this case, in the lifetime of his brother,) *eo instanti*, the fee before given to him shall determine, and the estate pass over to another, provided there be no issue at the time of his death, the dying before twenty-one and also childless,

making together the event on which one estate is to cease and the other begin.''

The counsel for the appellants rely on the views of Chancellor KENT, as expressed in *Anderson vs. Jackson*, 16 *Johns. Rep.*, 382, in which the case of *Pells vs. Brown* is regarded by him as a special case. Still, the Supreme Court of New York sustained the executory devise in *Anderson vs. Jackson*, and that decision was affirmed by a majority of the Court of Errors. It may be appropriate to suggest, that the above case was decided upon the force of the statute of New York, by which estates tail are converted into estates in fee, therefore similar to our Act of Descents as decided in *Newton vs. Griffith*, 1 *H. & G.*, 111, and *Posey vs. Budd*, 21*st Md. Rep.*, 477.

Recurring to the prayer offered by the plaintiff and defendants, we think the ruling of the Circuit Court was right on all the prayers. In granting the plaintiff's, the Court could not have granted the first and the third prayers of the defendants, and their second prayer could not be granted because it rested the defence upon her claim of dower. Supposing she was entitled to dower, about which we express no opinion, still it is expressly laid down in *Park on Dower*, 334, *ch.* 16, that ''although the title to dower is consummate, *the title of entry* does not accrue until the ministerial act of assigning to her a third part in certainty, has been performed by some person.'' In this case, her possession of the whole worked a disseizin, and was an eviction of the appellees' right of possession.

*Judgment affirmed.*