RUTH A. SEARS *vs.* CHARITY L. SEARS & another.

Bristol.    Oct. 26. — Nov. 20, 1876.    DEVENS & LORD, JJ., absent.

The widow of an intestate, without issue, is, under the Gen. Sts. c. 90, § 15, seised of an undivided half of his real estate for life, as tenant in common with his heirs, and may bring a petition for partition under the Gen. Sts. c. 136.

PETITION to the Superior Court for partition, alleging that the petitioner was entitled to one half of a certain tract of land in Freetown, during her life, in lieu of dower; that she was the widow of Abner J. Sears, deceased; that he died intestate, leaving no issue, and seised in fee of said land; that his only heirs were the respondents, his mother and brother; that the peti-

tioner had made a demand in writing upon the respondents to set out and assign to her her interest in the land, but they refused so to do; that a large part of the land was woodland, and without partition thereof she could not clear and improve the portion to which she was entitled. On motion of the respondents, the petition was dismissed for want of jurisdiction; and the petitioner appealed to this court.

*C. A. Reed,* for the petitioner.

*E. H. Bennett & H. J. Fuller,* for the respondents.

GRAY, C. J. By the Gen. Sts. c. 90, § 15, reënacting the St. of 1854, c. 406, §§ 1, 2, " when a man dies seised of lands, tenements or hereditaments, or of any right or interest therein, in fee simple, not having lawfully devised the same, and leaving a widow, but no issue, the widow, in lieu of dower, shall be entitled to one half of said estate during her natural life; and if any part thereof taken by the widow is wild or woodland, she may use, clear and improve the same."

This statute is, in substance and effect, a modification of the statute of descents. The words " entitled to one half of said estate " (being the estate of which the husband dies seised) and " taken by the widow " clearly show that immediately upon the death of the husband she becomes seised of an undivided half of his real estate, and a tenant in common with his heirs, by virtue of the unity of possession, notwithstanding the difference in the source and the duration of their titles. 2 Bl. Com. 191. 4 Kent Com. 367. The title thus vested in the widow wholly differs from a mere right of dower, which extends to all lands owned by the husband at any time during the coverture, and confers no seisin until it has been assigned to her. *Sheafe* v. *O'Neil,* 9 Mass. 13. The title which the widow takes by the statute before us is as absolute as she would have taken by her husband's will, if he had devised to her an estate for her life in all the lands of which he died seised. The statement of the statute that it is " in lieu of dower " no more qualifies the nature of her interest than would a similar statement in his will. In that case, as in this, she might file in the probate office within six months a waiver of the provision, and elect to claim her dower. Gen. Sts. c. 90, § 16; c. 92, § 24. St. 1861, c. 164.

The St. of 1854, *c.* 406, which first conferred this title upon the widow, provided no form of remedy to recover it, if withheld from her, but left that to be determined by the general rules of law. Being strictly a tenant in common, she might maintain a petition for partition. Rev. Sts. *c.* 103, §§ 1, 2. Gen. Sts. *c.* 136, §§ 1, 2. *Taylor* v. *Blake*, 109 Mass. 513. The provision of the St. of 1858, *c.* 33, enabling her to apply to the Probate Court to have this interest set off and assigned to her in like manner as dower, as well as the similar provision of the St. of 1850, *c.* 111, regarding like interests devised to a widow by the will of her husband, (both of which provisions are now reënacted in the Gen. Sts. *c.* 90, § 17,) does not qualify the nature of the life estate so taken by the widow by will or by statute, but simply affords her an additional and convenient form of remedy to assert her title.

The judgment of the Superior Court dismissing the petition for partition must therefore be reversed, and the

*Case stand for hearing.*