MICHAEL F. McMAHON & another *vs.* CATHERINE GRAY.

Worcester.    October 2, 1889. — November 30, 1889.

Present: MORTON, C. J., FIELD, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Equitable Attachment — Widow's Right to Dower.*

A widow's right to have dower assigned to her out of the lands of her deceased husband cannot be attached or taken on execution in an action at law.

The creditor of a widow who is entitled to dower which has not been assigned to her, and who is in occupation of the lands of her deceased husband under the Pub. Sts. c. 124, § 13, may maintain a bill in equity, under the Pub. Sts. c. 151, § 2, cl. 11, as amended by the St. of 1884, c. 285, to reach and apply in payment of his debt her right to have her dower assigned to her out of such lands.

BILL IN EQUITY, filed in the Superior Court, on September 7, 1888, alleging that on March 16, 1888, the defendant and her husband, John F. Gray, made a promissory note payable five months after date to the order of the plaintiffs; that the defendant still owed to the plaintiffs the amount of this note, with the interest thereon; that the defendant before her marriage to Gray was the widow of one Leahy, who died intestate and seised of certain described real estate situated in the city of Worcester; that she was entitled to dower in such real estate, and had a right to have the same assigned to her, but no assignment thereof had ever been made, and no proceedings had been had for that purpose; that since Leahy's death she had occupied such real estate, and was still in occupation thereof; and that such dower interest of the defendant could not be come at to be attached or taken on execution.

The prayer of the bill was, that such interest and right of the defendant to have dower assigned to her out of the real estate in question might be applied in payment of the plaintiff's debt; that a receiver might be appointed with authority to proceed in the defendant's name to have such dower assigned to her, and to receive the rents and profits thereof; and that she might be enjoined from conveying or disposing of such right and interest; and for further relief.

The defendant demurred for want of equity, and on the ground

that the plaintiffs had a plain, full, and adequate remedy at law. The Superior Court sustained the demurrer, and dismissed the bill; and the plaintiffs appealed to this court.

*F. A. Gaskill,* (*W. Thayer* with him,) for the plaintiffs.

*J. H. Bancroft,* for the defendant.

FIELD, J. We think it clear that the right of the defendant to have dower assigned to her out of the lands of her deceased husband cannot be attached or taken on execution in an action at law. The statutes relating to dower have not made a dowress a tenant in common with others in the lands of her deceased husband. The statutes which in some cases give to a widow, in lieu of dower, an estate for her life in one half of the lands of which her husband died seised in fee, or which give to her an estate in fee in such lands to an amount not exceeding five thousand dollars, have been held to be modifications of the statutes of descent, and to vest the title to these estates in the widow immediately on the death of her husband. *Sears* v. *Sears,* 121 Mass. 267. *Lavery* v. *Egan,* 143 Mass. 389. But, as was said in *Sears* v. *Sears,* " The title thus vested in the widow wholly differs from a mere right of dower, which extends to all lands owned by the husband at any time during the coverture, and confers no seisin until it has been assigned to her." Before the dower is assigned, the widow has no legal estate in the land upon which an execution can be levied. *Gooch* v. *Atkins,* 14 Mass. 378. *Hildreth* v. *Thompson,* 16 Mass. 191. *Croade* v. *Ingraham,* 13 Pick. 33.

At common law a dowress could not enter until her dower had been assigned. After dower had been assigned, and she had entered into possession, she became immediately seised for her life of a freehold estate, with the usual incidents of such an estate, and she could convey it, and it could be taken on execution by her creditors. *Windham* v. *Portland,* 4 Mass. 384, 388. *Sheafe* v. *O'Neil,* 9 Mass. 13.

It is manifest that the reason of the common law rule that a widow cannot convey to another her right to have dower assigned, or enter upon the land before the assignment, as well as of the rule that her right cannot be taken on execution, was not founded upon any policy of the law that dower should be a provision for her support, which should be exempt from

liability to be taken by her creditors, because she could not enjoy her dower until it was assigned, and then it at once became alienable by her, and liable to be taken on execution to satisfy judgments obtained against her.

The right to have dower assigned is a valuable right to property, and in the present case it is a right to land within this Commonwealth, which the dowress can have set off to her whenever she chooses, by legal process, if necessary. By the weight of authority, it is a right which in equity she can assign to another, and courts of law will recognize the assignment to the extent of enabling the assignee to maintain a writ of dower in her name. *Lamar* v. *Scott,* 4 Rich. (S. C.) 516. *Robie* v. *Flanders,* 33 N. H. 524. *Potter* v. *Everitt,* 7 Ired. Eq. 152. *Tompkins* v. *Fonda,* 4 Paige, 448. *Strong* v. *Clem,* 12 Ind. 37. *Payne* v. *Becker,* 87 N. Y. 153. *Pope* v. *Mead,* 99 N. Y. 201. *Davison* v. *Whittlesey,* 1 MacArthur, 163.

The facts that the lands described in the bill are lands of which her husband died seised, and that she is in occupation, and may continue in occupation, under the Pub. Sts. c. 124, § 13, without having her dower assigned, if the heirs or devisees do not object, do not change the essential nature of her right. This provision of the statutes was undoubtedly enacted for her benefit, but we are unable to see any indications that it was enacted for the purpose of exempting her right of dower from being taken to satisfy her debts. She continues to have the same right and power to compel an assignment of dower that a dowress had before the St. of 1816, c. 84, was enacted. See Rev. Sts. c. 60, § 6, and Commissioners' note; Gen. Sts. c. 90, § 7; Pub. Sts. c. 124, § 13.

As this right is a valuable interest in property within the Commonwealth, which is assignable in equity, we are of opinion that it can be reached by creditors under the Pub. Sts. c. 151, § 2, cl. 11, as amended by the St. of 1884, c. 285. Suits similar to this, under statutes resembling ours, have been maintained elsewhere, and the means whereby the land has been applied to the payment of the plaintiff's debt seem to be within the ordinary powers of a court of equity. *Payne* v. *Becker,* 87 N. Y. 153. *Tompkins* v. *Fonda,* 4 Paige, 448. *Davison* v. *Whittlesey,* 1 MacArthur, 163. *Boltz* v. *Stoltz,* 41 Ohio St. 540.

In *Mason* v. *Mason*, 140 Mass. 63, the conveyance was of an inchoate right of dower by a married woman in the lifetime of her husband. *Maxon* v. *Gray*, 14 R. I. 641, was decided on the ground that there were no statutes of Rhode Island which gave the court jurisdiction, and that the case was not within the general equity jurisdiction of the court. The decree dismissing the bill must be reversed, and the demurrer overruled.

*So ordered.*