ABRAM ROWLEY *et al.*

*v.*

CATHERINE POPPENHAGER *et al.*

*Opinion filed June 16, 1903.*

1. DOWER—*effect where dower is assigned in a body, out of one lot.* Dower to which the widow is entitled in each of several lots may be assigned to her in a body out of one or more of the lots, and in such case she becomes seized for life in the freehold estate as to such lot, and her rights are not contingent upon her occupancy thereof.

2. SAME—*effect of decree assigning dower.* In partition by heirs, if the court assigns one of the lots involved to the widow as her homestead and dower interest and partitions the remaining lots among the heirs in severalty, free and clear of the rights of the widow, the widow is invested with a life estate, and she may rent the lot without accounting to the heirs.

WRIT OF ERROR to the Circuit Court of Fulton county; the Hon. JOHN A. GRAY, Judge, presiding.

T. C. ROBINSON, for plaintiffs in error.

HARRY M. WAGGONER, for defendant in error Catherine Poppenhager.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This was a bill in chancery filed in the circuit court of Fulton county in February, 1902, by Abram Rowley and Tillman Rowley, for the partition of lot No. 12 in Wolf's first addition to the village of Astoria among the heirs of John Rowley, deceased, and for the assignment of dower therein to Catherine Poppenhager, the widow of said John Rowley. The bill also alleged said John Rowley died November 20, 1884, and that at the time of his death he resided, with said Catherine Poppenhager, then his wife, on said lot 12 as their homestead, and that said Catherine continued to reside on said premises until February 21, 1890, on which date she intermarried with one Augustus Poppenhager and thereupon removed from said lot 12 to the home of said Poppenhager, which was on a farm owned by him, and has since continued to reside with her said husband; that since her said re-marriage said Catherine has rented said lot 12 to various persons and collected the rents, and the bill prayed that an accounting be had and taken as to such rents, and for a decree requiring said Catherine to pay the same to the parties found to be entitled thereto. The parties made defendant to the bill as heirs of the said John Rowley suffered default. Catherine Poppenhager answered the bill, and the cause was referred to the master to take and report the proof, with his conclusions of law. The master's report recommended a decree in accordance with the prayer of the bill, but exceptions thereto were sustained and a decree was entered dismissing the bill at the costs of the plaintiffs in error. This writ of error brings the record into this court for review.

It appeared from the testimony reported by the master and a stipulation of facts entered into before the master, that said John Rowley, at the time of his death, which occurred November 20, 1884, was seized of the title to said lot 12 in Wolf's first addition to the village of Astoria, and also to lots 4, 7 and 10 and the south half

of lot 5 in Wolf's second addition to said village, and that the said deceased, together with said Catherine, then his wife, resided in the dwelling house on said lot 12, and that the same was their homestead. A certified copy of a decree entered in the circuit court of Fulton county at its August term, 1889, was also produced in evidence before the master, from which it appeared that certain of the heirs of said John Rowley filed a bill in chancery for partition against the other heirs of said John Rowley, and also against the said Catherine, his widow, and that all of said parties (including the plaintiffs in error in the cause at bar) being before the court, the cause was heard and a decree entered finding that the said John Rowley left him surviving the parties to the said proceeding his only heirs-at-law and the said Catherine his widow; that he died seized of the said four lots in Wolf's second addition to the village of Astoria, hereinbefore described, and also the said lot 12 in Wolf's first addition to the said village of Astoria, the property here involved. The decree further found that the said Catherine, the widow of said deceased, "occupies said lot No. 12 in Wolf's first addition to the village of Astoria as her homestead and dower interest in said real estate owned by her deceased husband, John Rowley, at the time of his death." The decree then declared the proportions in which the real estate of said John Rowley descended to his heirs-at-law, and ordered, adjudged and decreed that all of said lots of which said Rowley died seized, except lot 12 here in controversy, should be allotted and partitioned in severalty to said heirs in accordance with their respective rights and interests therein, subject only to the dower rights of Anna Rowley, the widow of Jacob Rowley, a deceased son of said John Rowley, in an undivided one-ninth interest in said property, and appointed commissioners to make such allotment and partition, and directed said commissioners to allot and set apart to each of said heirs-at-law of said

John Rowley, deceased, their respective portions in all of said lots of which he died seized, except said lot 12.

The effect of this decree was to invest the plaintiffs in error and the other heirs-at-law of said John Rowley with the title in severalty in all of the lots of which said John Rowley died seized, (except said lot 12,) free and clear of the dower of the said Catherine, the widow of the said deceased. That said widow was entitled to dower in all of said lots is beyond dispute. The granting of the decree divesting her of such right of dower in all of the lots of which her husband died seized, except lot 12, may be found to be not inconsistent with the rights and equities of all the parties by giving full force and effect to the finding of the decree hereinbefore set forth, that the said Catherine, widow of the deceased, occupied said lot 12 as her homestead and her dower interest in the real estate owned by her husband at the time of his death.

Section 36 of chapter 41 of the Revised Statutes authorized the court to assign the dower to which the said Catherine was entitled in each of the lots, in a body out of one or more of the lots. At the common law, assignments by the heirs of a particular tract to a dowress in lieu of her dower in several tracts were upheld and enforced. (*Schnebly* v. *Schnebly*, 26 Ill. 116.) It was therefore competent for the widow and heirs of the deceased to allot to the widow the dower to which she was entitled in each separate lot, in a body in said lot 12, and the finding of the decree that the widow occupied said lot 12 as her homestead and dower interest in the real estate owned by her deceased husband at the time of his death, and the order and decree that the lots, other than lot 12, were owned in fee simple by the heirs-at-law of the deceased husband, subject only to the dower interest of the widow of one of said heirs, and should be partitioned and allotted to them in accordance with such fee simple interest, are consistent only with the view that the dower

of Catherine in all of the lots had been assigned by the heirs to her in a body in said lot 12, and that the finding was intended to give effect to such assignment of the dower.   That such was the understanding of the plaintiffs in error and other parties to that decree as to the purposes and effect of the decree is made manifest by the stipulation of facts entered into by the parties to the present suit and filed before the master in chancery. In that stipulation, among other statements, appears the following: "That shortly after the death of the said John Rowley, in a partition suit in this county, the aforesaid premises (lot 12) was set off to the said Catherine Rowley as a homestead and dower out of the lands of the said John Rowley, deceased."   Lot 12 was at the time of the death of John Rowley worth not more than $650. The rental value of the property since then has not exceeded $5 per month.

The chancellor correctly regarded the widow of said John Rowley as vested with a homestead interest in said lot 12, and that said lot had also been assigned to her as and for and in lieu of her dower interest in all of the real estate of which her husband died seized.   A dowress becomes seized for life of a freehold estate in the tract of land assigned to her as and for dower; and this estate for life does not depend on the continued occupancy by the dowress, but it may be aliened as any other estate for life. (*Summers* v. *Babb,* 13 Ill. 483; 10 Am. & Eng. Ency. of Law,—2d ed.—151.)   Mrs. Poppenhager held two interests in lot 12,—a homestead right and an estate for life as dowress.   The estate for life was in nowise contingent upon possession or occupation of the premises by her and was not affected by her removal therefrom to the home of her present husband, nor was she answerable to the heirs of the former husband for the rents received from tenants to whom she rented the premises after the assignment of the lot to her as and for her dower.

The decree must be and is affirmed.

*Decree affirmed.*