# HASLER *v.* WILLIAMS.

---

### DOWER; PARTITION; EQUITY.

1. Assignment of dower is a condition precedent to partition. (D. C. Code, sec. 86, 31 Stat. at L. 1202, chap. 854.)

2. Partition cannot be decreed where the legal title is put in issue by the answer, but the proceeding will be suspended to give the complainant a reasonable time to bring an action at law to determine the question of title.

3. An equity court has no jurisdiction to construe a will and determine a question of title.   (Following *Jordan* v. *O'Brien,* 33 App. D. C. 189.)

No. 2040.   Submitted December 10, 1909.   Decided January 13, 1910.

HEARING on an appeal by the complainants from a decree of the Supreme Court of the District of Columbia dismissing a bill in equity for the partition by sale of certain real estate.

*Affirmed.*

The facts are stated in the opinion. .

*Mr. T. C. Taylor* and *Mr. Walter C. Balderston* for the appellants.

*Mr. William W. Boarman* and *Mr. Hayden Johnson* for the appellees.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

This is a suit in equity brought in the supreme court of the District of Columbia for the partition, by sale, of certain real estate situated in this District. The property in question was a portion of the estate of one Rudolph Hasler at the date of his death, April 27, 1908.

It appears that on October 15, 1888, Hasler made a will, the material part of which was as follows: "My executrix, hereinafter nominated and appointed, shall without unnecessary delay, after my decease, out of the personal property of which I shall die possessed, first pay the expense of my last illness, and my burial, and secondly pay all debts justly owing by me at the time of my decease. All the rest, residue, and remainder of my estate, real, personal, and mixed, I give, devise, and bequeath unto my beloved wife, Sarah Hasler, her heirs, and assigns, and I hereby nominate and appoint her executrix of this my last will and testament."

The bill was filed by three of the surviving children of the deceased, making the widow and the three remaining children defendants. The real estate sought to be sold and partitioned was acquired by the testator after the execution of the will. This suit was brought upon the ground that the after-acquired real estate did not pass to the devisee under the will. The court below entered a decree dismissing the bill. It is unnecessary, in disposing of this appeal, to determine whether the property in question passed under the will or not. Assuming that the complainants, as they contend, are tenants in common, it is admitted that the widow of the testator is entitled to her dower. No assignment of dower has been made, which is a condition precedent to partition. D. C. Code, sec.

86 [31 Stat. at L. 1202, chap. 854]. Here a question of adverse title is involved. The defendants answered, claiming title to the lands in question under the will of Rudolph Hasler. Equity is powerless to decree partition of lands in a proceeding where the legal title is put in issue by the answer. The equity court has no jurisdiction to construe the will and determine the question of title. *Jordan* v. *O'Brien,* 33 App. D. C. 189. Its duty in this instance, had the dower been assigned, would have been to suspend proceedings in the partition suit, giving the complainants a reasonable time within which to bring an action at law to determine the question of title. Until this question is determined, the equity court is without jurisdiction.

The decree of the court dismissing the bill is affirmed, with costs, and it is so ordered.                    *Affirmed.*