Hillsborough, }
Feb. 5, 1924. }

LILLIAN R. FLETCHER, *Adm'x, v.* CARL COTTON, *Trustee, & a.*

A widow upon electing to take her statutory rights under P. S., *c.* 195, *ss.* 10, 11, and filing the waiver and release of other rights therein prescribed, becomes vested with an absolute title to an undivided half of the husband's realty without any assignment thereof by the probate court.

A testator conferred upon his widow a power of disposal by her will with an alternative devise over in case of her intestacy. The widow having waived the provisions of the will under P. S., *c.* 195, *ss.* 10, 11, became in effect an intestate as to one-half of the estate and the alternative devise took immediate effect.

BILL IN EQUITY, by the plaintiff, as administratrix *de bonis non*, of the estate of John E. Cotton, with will annexed, for the construction of said will and for instructions; also by the plaintiff in her individual capacity for the ascertainment and enforcement of her rights as a devisee under said will and under the will of Mary L. Cotton. John E. Cotton died without issue June 18, 1912. His will, probated June 25th, contained the item: "*Second.* I give and bequeath to my beloved wife, Mary L. Cotton, my homestead on Concord street, in said Nashua, also all my household furniture, domestic effects, and all other articles situate in my said homestead, of which I may be seized or possessed at my decease; in case my wife should not survive me or should die intestate, then I bequeath the same to my daughter, Alice R. Fletcher, of Nashua, who was

born Lillian R. Crowell." On March 11, 1913, the widow, electing to take her statutory rights under P. S., *c.* 195, *ss.* 10, 11, filed in the probate court a waiver of the provisions of the will in her favor and a release of her right of dower and her homestead right, and caused the same to be recorded in the registry of deeds. She remained in possession of the homestead and its contents until her death April 20, 1920, but no assignment by the probate court of her statutory interest in the homestead was made or sought. Any devisable interest which the widow had in the property at her death passed by her will to the plaintiff as her residuary devisee.

The plaintiff claims that one undivided half-interest in the homestead and contents passed to her under the terms of the will of John E. Cotton, which the defendants deny. The plaintiff claims the other undivided half-interest therein under the will of Mary L. Cotton. The defendants deny that Mary L. Cotton acquired a devisable interest in the homestead by her waiver without assignment. The interpretation of the will of John E. Cotton and the effect of the widow's waiver and release thereunder are reserved and transferred without ruling as important questions of law by *Branch,* J.

*Albert Terrien* (by brief and orally), for the plaintiff.

*Cobleigh & Cobleigh* (*Mr. Marshall D. Cobleigh* orally), for Marie Cotton.

*Frank B. Clancy* and *Bartlett & Grinnell,* for Carl Cotton, trustee.

SNOW, J. P. S., *c.* 195, *s.* 11, as amended by Laws 1901, *c.* 113, *s.* 2, provides:

"Sect. 11. The widow of a person deceased, testate or intestate, by waiving the provisions of his will in her favor, if any, and by releasing her right of dower and her homestead right, shall be entitled instead thereof, in fee, to the following portion of all the real estate of which he died seized, after the payment of debts and expenses of administration:

I. One third part thereof, if he leaves issue by her surviving him.

II. One half thereof, if he leaves no issue whatever surviving him. *Provided, however,* that if the value of said remaining portion shall not exceed the sum of fifteen hundred dollars she shall be entitled to the whole thereof; but if such remaining portion shall exceed in value the sum of fifteen hundred dollars, but does not exceed the

sum of three thousand dollars, she shall be entitled to the sum of fifteen hundred dollars of the value thereof, and the same shall be assigned to her by the probate court in the same manner as dower is now assigned."

The defendants concede that, upon compliance with the terms of this statute, the widow was entitled, in fee, to an undivided one-half interest in the homestead, but contend that an assignment of the same to her by the probate court was an essential requirement, and that, therefore, the filing of her waiver and discharge created only an inchoate right which was extinguished by her death. This claim is based upon the construction placed upon statutes dealing with the widow's dower and homestead rights under which it is held that such estates do not vest until set out and assigned in specific property. *Lake* v. *Page*, 63 N. H. 318, 319; *Beland* v. *Goss*, 68 N. H. 257, 258; *Perley* v. *Woodbury*, 76 N. H. 23, 26. The reasoning in these cases does not apply here, since the estate created by P. S., c. 195, s. 11, is not analogous to either the right of dower or the homestead right. Section 11 is a modification of the statutes of descent. It confers upon the widow, at her election, an estate in fee instead of her right of dower and her homestead right. *Hayes* v. *Seavey*, 69 N. H. 308, 310. The statute discloses no intention to invest the estate with any of the characteristics peculiar to dower or homestead. Under it the widow, upon filing her waiver and release, becomes vested with a title as absolute as if an undivided half-interest in the husband's real estate had been devised to her in his will. The recital that the statutory estate is "instead" of the right of dower and of the homestead right no more qualifies the nature of the estate than would a similar statement in the will. The statutory provision that "the same shall be assigned to her by the probate court in the same manner as dower is now assigned" imposes a duty upon the probate court if its jurisdiction is invoked. It was the legislative intention not to abridge or qualify the nature of the widow's interest, but to afford her an additional form of remedy by which to assert and define her title. *Sears* v. *Sears*, 121 Mass. 267, 268; *Naylor* v. *Nourse*, 231 Mass. 341. It follows that Mary L. Cotton took, under this statute, an undivided half-interest in fee in the homestead, which passed by her will to the plaintiff.

The defendants, relying upon a literal construction of the language of the second paragraph of the will of John E. Cotton, contend that the plaintiff takes nothing thereunder, since his wife survived him and died testate. Manifestly under this construction the other

undivided half-interest of the homestead would fall into the residuum of his estate. The intention of the testator, however, is to be determined not alone by the literal meaning of the language employed but is to be gathered from the words used, read in the light of the surrounding circumstances, such as the subject-matter of his gift and the relations of the testator to the persons who are the objects' of his bounty. *Kennard* v. *Kennard*, 63 N. H. 303, 310; *Stratton* v. *Stratton*, 68 N. H. 582, 586; *Hayward* v. *Spaulding*, 75 N. H. 92, 93, 94. "The evidence of intention may include various inherent probabilities and the probative force of many circumstances, as well as the literal sense of the words used." *Opinion of the Justices*, 66 N. H. 629, 651; *Salter* v. *Philbrick*, 77 N. H. 322, 324.

The testator had no children. The plaintiff from her early childhood until her marriage four years before the death of the testator had been a member of his family and had been reared and treated by the testator and his wife as their child. While the plaintiff was neither related nor legally adopted, she held in the minds and affection of the foster parents the position usually occupied by a daughter. This is apparent from the frequent mention of her name in their wills, their making her a principal beneficiary and their invariable reference to her as a daughter. The wording of section 2 discloses a genuine solicitude on the part of the testator that the homestead, together with all the effects associated with the home, should remain in the immediate family. This appears to have been his primary purpose in section 2. The homestead, and the "household furniture, domestic effects, and all other articles situate in my said homestead" were to be the widow's if she survived him. If not, then they were to be the daughter's. If the widow did survive him, still they were to be the daughter's unless the widow should otherwise direct by will. Thus the clause makes clear the testator's intention that the homestead and its contents should ultimately go to the daughter, if she survived the widow, barring a single contingency, viz.: the interruption of his devise by a testamentary provision by the widow. He thought that he had sufficiently expressed this idea when he made the devise to the daughter "in case my wife should not survive me or should die intestate." Had he anticipated the widow might, by exercising her election under the statute, place an undivided interest in the home beyond her testamentary control, he doubtless would have expressed his thought with greater precision. His purpose, however, is not in serious doubt. The intestacy of his widow as to the homestead place and

household effects was what was in his mind when he said "or should die intestate." Upon the filing of her waiver the widow ceased to have any testamentary power over that undivided half of the homestead and contents which did not pass to her under the statute. As to such undivided half, she then became intestate within the meaning of section 2 of the testator's will as truly as if she had then died without a will. Accordingly, upon the filing of the widow's waiver, such undivided half passed to the plaintiff under the will of John E. Cotton.

It follows from the foregoing that, as to both issues presented, there should be

*Decree for the plaintiff.*

All concurred.