**MAGRUDER et al. v. MAGRUDER.**

**No. 8426.**

United States Court of Appeals
District of Columbia.

Decided March 6, 1944.

Mr. R. Sidney Johnson, of Washington, D. C., for appellants.

Mr. James J. Hayden, of Washington, D. C., for appellee.

Before MILLER, EDGERTON and ARNOLD, Associate Justices.

MILLER, Associate Justice.

Appellants are the seven children of William M. Magruder, deceased. Under his will, they became owners in fee, as tenants in common, of certain real estate in Washington, D. C., being Lot 61, Square 4063, improved by a brick dwelling, numbered 1238 Neale Street, N. E.; subject to the dower right of appellee, their mother. On this appeal the facts are undisputed and the parties have submitted the following issue as being determinative of the case: "Did the Court below have the power to decree partition between the owners, as tenants in common, of the indivisible piece of real estate involved in this proceeding, and a sale thereof, free from the dower interest of the appellee, and a division of the proceeds thereof among the parties hereto according to their respective rights, without the consent of the appel-

lee thereto?" This question the trial court answered in the negative. However, the court granted appellee's motion for judgment on the pleadings and assigned dower, as she requested, for one-third of the net rents, issues and profits arising out of the property.

The answer to the stipulated issue depends upon the proper interpretation of Section 1305, Title 16, of the District of Columbia Code, which reads as follows: *"Whenever a decree is rendered for the sale of land,* in the whole of which a widow is entitled to dower, *if she will not consent to a sale* of the same free of her dower, *the court may, if it appears advantageous* to the parties, *cause her dower to be laid off and assigned as aforesaid. If she will consent* in writing to the sale of the property free from her dower, *the court shall order the same to be sold free of her dower,* and shall allow her, in commutation of her dower, such portion of the net proceeds of sale as may be just and equitable, not exceeding one-sixth nor less than one-twentieth, according to the age, health, and condition of the widow." [Italics supplied] The second sentence of this Section is inapplicable to the present case. It is clear from the first sentence of the Section that in event the widow will not consent to a sale, free from dower, the court may, nevertheless, decree that the property be sold. This sale could presumably be made, at a sacrifice, subject to dower. However, there is another alternative, for in event of the widow's refusal, the court may—if it appears advantageous to the parties—cause the widow's dower "to be laid off and assigned as aforesaid." This, of course, without more, requires the exercise of discretion, and if the trial judge should decide that it were not advantageous to the parties he would not, for the purposes of this Section, assign dower. We assume, from the stipulated issue and from the fact that the widow, herself, asked judgment assigning dower,

that no obstacle arose in the trial court upon this point and that the decision turned solely upon the extent of the court's power.

The reference "as aforesaid," in the first sentence of Section 16—1305 is to the third preceding Section of the Code, 16—1302; the applicable language of which reads as follows: "When an estate of which a woman is dowable is entire, and the dower can not be set off thereout by metes and bounds, it may be assigned by the court as of a third part of the net rents, issues, and profits thereof." If this provision—thus incorporated by reference into Section 16—1305—meant no more than that the estate must remain entire and that the widow in order, thereafter, to receive a third part of the net rents, issues and profits still retained her dower interest in the whole, it could have little purpose and less effect.

Instead, it is apparent that the provision is intended to facilitate a sale of the property, free of dower, in cases where the widow refuses to consent. But if, after assignment, it were still impossible to sell except subject to dower, the provision for assignment would be meaningless; as such a sale could be made without assignment, in any event. The situation would be no better if, following assignment, a sale were still impossible except subject to a widow's right to receive, from the purchaser, during her lifetime, a third part of the net rents, issues and profits of the property. If, on the other hand, the result of assignment is to change the character of the widow's interest and make it subject to sale, along with all other interests in the property, thus enabling a purchaser to acquire clear title and full, unrestricted enjoyment, the provision for assignment has effective meaning.

Upon the death of her husband a widow's right to dower is in the nature of a chose in action,[1] including the right

---

[1] 4 Kent's Comm., 13th Ed. 1884, *61-*62: "The widow cannot enter for her dower until it be assigned her, nor can she alien it so as to enable the grantee to sue for it in his own name. It is a mere chose or right in action, and cannot be sold on execution at law, though in New York it may be reached by process in chancery for the benefit of creditors. She has no estate in the lands until assignment; and after the expiration of her quarantine, the heir may put her out of possession, and drive her to her suit for her dower. She has no right to tarry in her husband's house beyond the forty days; and it is not until her dower has been duly assigned, that the widow acquires a vested estate for life, which will enable her to sustain her ejectment."; Rayner v. Lee, 20 Mich. 384, 386; Traders' Ins. Co. v. Newman, 120 Ind. 554, 559, 22 N.E. 428, 430; Upshaw v. Upshaw, 180 Ala. 204, 60 So. 804; Johnson v. Shields, 32 Me. 424, 426.

to have dower assigned.[2] After assignment and entry into possession she becomes seised for her lifetime of a freehold estate.[3] This is the reason for the requirement of the Code[4] that, in the situation of the present case, dower must be assigned before partition or sale and division can be ordered. After an assignment of dower has been made, under Section 16—1302, of "a third part of the net rents, issues, and profits * * *," the widow's estate is of the nature of tenements and hereditaments,[5] within the meaning of Section 16—1301; and is, then, just as divestible a property right as if the division had been by metes and bounds of the land itself.[6]

 We conclude that the several sections of Chapter 13, Title 16 (§§ 1301–1306, inclusive) were intended to achieve a comprehensive plan for partition and sale of property held in common, as in the present case, as well as in other situations of common and joint ownership. In order to accomplish this result, however, when the dower interest of a widow is involved, the court must first determine, in its discretion, whether "it appears advantageous to the parties * * *"—including the widow, of course—to cause her dower to be laid off and assigned. Only after the assignment has been made, under Sections 16—1305 and 16—1302, does the procedure

of Section 16—1301 become available. When, as in the present case, the widow requests assignment, there is no reason to question the propriety of the court's action in this respect. But when, as in the present case, the assignment is made, the court then has power to proceed under Section 16—1301 to order a sale and a division of the proceeds.

Whether, strictly speaking, the result is a sale free from dower without the consent of the widow, or whether it should be described as a method of transforming her dower interest into a different property right which may be sold without her consent, is immaterial. That Congress intended such a result is plain. It provided for a single action in which the widow might be joined with the tenants in common, and in which a determination could be made as to the desirability of an assignment, preliminary to a sale of property to which—such an affirmative preliminary determination having been made—a dower interest would, thereafter, no longer attach. In doing so it merely availed itself of a procedure well known to equity, i. e., of administering complete relief between the parties.[7] Properly read, even the cases relied upon by appellee support this conclusion.[8]

 In making division of the proceeds of such a sale it would seem proper

---

[2] D.C.Code (1940) § 16—1302: "Whenever any person or persons shall hold real estate, by descent or purchase, in the whole of which a widow is entitled to dower, either the widow or any person entitled to said property or an undivided share therein may apply to said court to have the widow's dower therein assigned; * * *"; McMahon v. Gray, 150 Mass. 289, 22 N.E. 923, 5 L.R.A. 748, 15 Am. St.Rep. 202.

[3] Hilleary v. Hilleary's Lessee, 26 Md. 274, 289: "Supposing she was entitled to dower, about which we express no opinion, still it is expressly laid down in *Park on Dower*, 334, ch. 16, that 'although the title to dower is consummate, *the title of entry* does not accrue until the ministerial act of assigning to her a third part in certainty, has been performed by some person.'"; McMahon v. Gray, 150 Mass. 289, 22 N.E. 923, 5 L.R.A. 748, 15 Am. St.Rep. 202; Elmendorf v. Lockwood, 57 N.Y. 322, 324; Rowley v. Poppenhager, 203 Ill. 434, 67 N.E. 975.

[4] (1940) §§ 16—1302, 16—1305.

[5] Canfield v. Ford, 28 Barb., N.Y., 336, 338; Oskaloosa Water Co. v. Board of

Equalization, 84 Iowa 407, 412, 51 N. W. 18, 19, 15 L.R.A. 296; Cuff v. Koslosky, 165 Okl. 135, 139, 25 P.2d 290, 293, 294; 2 Bl.Comm., Cooley's 4th ed. 1899, *21, 41; 4 Kent's Comm., 13th ed. 1884, *64; Schmid v. Baum's Home of Flowers, Inc., 162 Tenn. 439, 447, 37 S.W.2d 105, 108, 75 A.L.R. 261.

[6] Winnisimmet Trust, Inc. v. Libby, 232 Mass. 491, 122 N.E. 575.

[7] See Hopkins v. Grimshaw, 165 U.S. 342, 358, 17 S.Ct. 401, 41 L.Ed. 739.

[8] Shipley v. Mercantile Trust & Deposit Co., 102 Md. 649, 662, 62 A. 814, 819: "We think the trustee had a right, in event of a failure to free the residue from dower by agreement in the mode provided in the will, *to pray that it be done by the assignment of dower*." [Italics supplied]; Hasler v. Williams, 37 Wash.L.Rep. 295, affirmed, 34 App.D.C. 319: "The Code provides that dower, in such a case, shall be laid off and assigned before partition shall be decreed (Code, section 86); and, according to section 89, land in which the widow has a dower can not be sold without her consent, *but her dower should be laid off and assigned before sale is decreed*." [Italics supplied]

540

for the court to use, on behalf of the widow, the formula set out in Section 16—1305: " * * * such portion of the net proceeds of sale as may be just and equitable, not exceeding one-sixth nor less than one-twentieth, according to the age, health, and condition of the widow." However, as the quoted formula is limited in its literal application, to a situation in which the widow consents to a sale; and in view of the fact that, to the extent the statutory law does not cover the subject completely, the common law still controls,[9] it would be equally proper to apply the formula stated by the Supreme Court in Herbert v. Wren: "The court is further of opinion, that if the parties, or either of them, shall be dissatisfied with the allotment of a sum in gross, and shall prefer to have one-third part of the purchase-money, given by the said Joseph Deane for the lands in which the plaintiff, Susanna, claims dower, set apart and secured to her for her life, so that she may receive, during life, the interest accruing thereon, and shall apply to the circuit court to reform its decree in this respect, the same ought to be done."[10] We assume that whatever formula may be used the result should be a commutation which will approximate or be the equivalent of the one-third of net rents, issues and profits assigned to the widow.

The case will be remanded with instructions to proceed in accordance with this opinion.

Reversed.

---

[9] Mead v. Phillips, 77 U.S.App.D.C. 365, 371, 135 F.2d 819, 825, 147 A.L.R. 322, and authorities there cited.

